ESTATE OF ROHNERT: BULKLEY and others, Appellants, vs. DEPARTMENT OF TAXATION, Respondent.

*December 7, 1943—January 18, 1944.*

For the appellants there were briefs by *Leekley & Williams* of Milwaukee, and oral argument by *Allen W. Williams* and *John Leekley.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *John M. Niven,* public administrator of Milwaukee county, and oral argument by *Mr. Persons* and *Mr. Conway.*

MARTIN, J. Emma U. Rohnert died testate, a resident of Wayne county, Michigan, on November 24, 1939. By the terms of an *inter vivos* trust created April 30, 1908, by her father, Henry Uihlein, a lifelong resident of Wisconsin, she was given the income from the trust fund for her life and a general testamentary power of appointment over the corpus at her death. The trust instrument provided that in the event of her failure to exercise the power of appointment the corpus would go to her heirs at law.

In her will, which was duly admitted to probate in Michigan, she expressly declined to exercise power of appointment. Accordingly, the trust fund goes to her three surviving daughters, who were residents of Michigan at her death. The trust fund has at all times consisted of intangible personal property and at all times the evidences thereof have been physically kept and located in Milwaukee, Wisconsin. At the time of the death of Emma U. Rohnert the securities and bank deposits then comprising the trust had an estimated market value of approximately $1,000,000.

The single question on this appeal is: Does sub. (9) of sec. 72.01, Wis. Stats., exempt from Wisconsin inheritance taxes the transfer of intangible personal property contained in an *inter vivos* trust, subject to a power of appointment and having a situs in Wisconsin, to nonresidents, upon the death of the nonresident donee-owner of the power of appointment, where the said decedent resided in a state having a like reciprocal exemption statute? The court below answered this question in the negative.

Sec. 72.01 (5), Wis. Stats., provides:

"*Transfer under power of appointment.* Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of sections 72.01 to 72.24, inclusive, such appointment, when made, shall be deemed a transfer taxable under the provisions of sections 72.01 to 72.24, inclusive, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of sections 72.01 to 72.24, inclusive, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such

power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

Sec. 72.01 (9), Wis. Stats., provides:

"*Reciprocity as to nonresident decedents.* Personal property of a nonresident decedent made taxable under this chapter, except tangible personal property having an actual situs in this state, shall not be subject to the tax so imposed if a like exemption was allowed at the time of death of such decedent by the laws of the state, territory or district of the decedent's residence in favor of residents of this state."

The inheritance tax law of Michigan as to taxing powers of appointment and providing for the reciprocal exemption of the intangibles of nonresident decedents is almost identical in language with the above-quoted sections of the Wisconsin inheritance tax law. (See subd. (4) of sub. (1) of sec. 3672, Compiled Laws of Michigan, 1929.)

The nonexercise of a power of appointment is made taxable by sec. 72.01 (5), Stats. Whether the power be exercised or not, the donee of such power is considered the owner of the property to which such appointment relates. Appellants concede the existence of a taxable situs of the trust property in question in Wisconsin; also, that Michigan, being the state of domicile of the donee, may tax the transfer of the property subject to the power of appointment. The probate court of Wayne county, Michigan, held that the transfer of the property subject to the power of appointment owned by the decedent, Emma U. Rohnert, was taxable by the state of Michigan under its inheritance tax statutes. Sub. (9) of sec. 72.01, Stats., was enacted by ch. 298, Laws of 1929. The Michigan act relating to reciprocity in inheritance taxes was in effect at that time, so that both Wisconsin and Michigan had reciprocal exemptions for more than ten years prior to the death of Emma U. Rohnert. Both states are in a reciprocal relationship.

In *Estate of Miller* (1942), 239 Wis. 551, 555, 2 N. W. (2d) 256, the court said:

"Sec. 72.01 (9), Stats. 1939, provides for the exemption of transfers of property from nonresident decedents in case of reciprocal exemptions in other jurisdictions. Under this section transfers of personal property, except tangible personal property having an actual situs in this state, of a nonresident decedent, made taxable under our law, is not subject to such tax if, at the time of death of such decedent, a 'like exemption' was given 'by the laws of the state, territory or district of the decedent's residence in favor of residents of this state.' . . .

"The purpose of the statute and its expressed scope appear in the words of the statute, and as it is drawn it does not include residents of foreign countries. This interpretation is sustained by a comparison of our statute with the terms of statutes in other states. Although the movement toward reciprocity has not been confined alone to the states of the Union, and has been the subject of discussion in international conventions, *Burnet v. Brooks* (1933), 288 U. S. 378, 399, 53 Sup. Ct. 457, 77 L. Ed. 844, the situation calling for relief was and is primarily a domestic one. Multiple taxation between the various states of the Union tends 'to disturb good relations among the states and produce the kind of discontent expected to subside after establishment of the Union.' *Farmers Loan Co. Case, supra,* p. 209. [*Farmers Loan Co. v. Minnesota* (1930), 280 U. S. 204, 50 Sup. Ct. 98, 74 L. Ed. 371.] The statutes of several states extend the exemption to foreign countries; at least three limit it to states of the United States; several, including Wisconsin, extend it to states and territories; and several include possessions of the United States."

The respondent argues that the reciprocity law does not apply to powers of appointment. Sec. 72.01 (5), Stats., provides that whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of secs. 72.01 to 72.24, inclusive, such appointment when made shall be deemed

a transfer taxable under the provisions of sec. 72.01 to 72.24, inclusive, *in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power* and had been bequeathed or devised by such donee by will.

We are not dealing with a tax on property nor the taxing of a power of appointment. We are here concerned with a tax on the transfer of property from a decedent who by virtue of her power of appointment is, by the express language of the statute, deemed the absolute owner of the property to which her power of appointment relates.

In *Montague·v. State,* 163 Wis. 58, 61, 157 N. W. 508, the court said :`

"The inheritance tax, being a tax upon the transfer'or devolution of property or the right of succession thereto, and not a tax upon the property itself, may be properly levied upon a transfer which becomes effective by appointment made after the passage of the law under a power previously created, for the reason that the transfer does not become complete until the appointment is made and at that time the law is in effect. [Citing cases.] . . .

"The provision that a transfer resulting from the failure of the donee of the power to appoint shall be deemed to constitute a taxable transfer equally with a transfer resulting from an appointment, is valid because the failure to act equally affects the course of the succession, and until such failure is complete the succession is not fully determined." To same effect see *Will of Morgan,* 227 Wis. 288, 292, 277 N. W. 650, 278 N. W. 859.

Respondent contends that at the time of the enactment of sec. 72.01 (9), Stats., jurisdiction to tax powers of appointment was limited to a single state under the decision of the United States supreme court in the case of *Wachovia Bank & Trust Co. v. Doughton* (1926), 272 U. S. 567, 575, 47 Sup. Ct. 202, 71 L. Ed. 413. (This case was overruled in *Graves v. Schmidlapp* (1942), 315 U. S. 657, 62 Sup. Ct. 870, 86

L. Ed. 1097.) The applicability of reciprocity laws to powers of appointment was not before the court in that case. It there appeared that the original donor was a resident of Massachusetts; that he, by his will, left property in Massachusetts to a trustee domiciled in Massachusetts in trust to pay the income to the donor's daughter for life and after her death to dispose of the remainder as the daughter might by her will appoint. The daughter removed to the state of North Carolina and there died, leaving a will appointing her husband and child to succeed to her interest in the trust estate. The court said:

The established law of Massachusetts is—" 'personal property over which one has the power of appointment is not the property of the donee, but of the donor of the power.' The appointee takes, not as the legatee of him who appoints, but of the original donor. 'Property in the hands of domestic trustees appointed under the will of a domestic testator, who conferred a power of appointment upon a nonresident, must be distributed according to the law of this commonwealth and . . . the execution of the power must be interpreted according to our law and in conformity to the power conferred.' " Citing cases.

Since the supreme court was bound by the Massachusetts law it could only hold that as the appointees took under the will of the original donor which was probated in Massachusetts, and received property which at all times had been in Massachusetts, the state of North Carolina, where the appointment was made, had no power to tax. Under our law, sec. 72.01 (5), Stats., whether the donee of a power of appointment exercises such power or fails or refuses to exercise such power, a transfer taxable under the provisions of secs. 72.01 to 72.24, inclusive, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the person thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to

exercise such power, taking effect at the time of such omission or failure.

In the *Wachovia Case, supra,* the court was dealing with a testamentary trust created and located in Massachusetts, whose laws specifically provided that the property passed by the laws of that state. In the instant case we have an *inter vivos* trust and, under sec. 72.01 (5), Stats., the deceased Emma U. Rohnert, the donee of the power of appointment, is regarded as the owner of the property to which such appointment relates.

We agree with the statement in respondent's brief that "the purpose in the enactment of reciprocal laws of the nature of sec. 72.01 (9), Wis. Stats., is to provide a uniform system that is workable and simple for the prevention of multiple taxation of the same property." On the facts in the instant case, both Wisconsin and Michigan could tax the transfer of property here involved if it were not for the reciprocal laws of both states in effect at the time of Mrs. Rohnert's death.

There is no ambiguity in the provisions of sec. 72.01 (9), Stats. It provides:

"Personal property of a nonresident decedent made taxable under this chapter [ch. 72, Inheritance Tax Law], except tangible personal property having an actual situs in this state, shall not be subject to the tax so imposed if a like exemption was allowed *at the time of death of such decedent* by the laws of the state, territory or district of the decedent's residence in favor of residents of this state."

The Michigan law is to the same effect. We therefore hold that Wisconsin may not tax the transfer of the intangible personal property here in question.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter judgment setting aside the order determining that an inheritance tax is due the state of Wisconsin.

BARLOW, J., took no part.