IN the MATTER OF the ESTATE OF Emily PIER-
RON, deceased: HOLY FAMILY CONVENT OF
MANITOWOC, WISCONSIN, Saint Camillus Health
Center, Sacred Heart Roman Catholic Church and St.
John's De Nepomuc Roman Catholic Church,
Appellants,

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent.

Court of Appeals

*No. 89–2210. Submitted on briefs May 3, 1990.—Decided June
26, 1990.*

(Also reported in 458 N.W.2d 579.)

For the appellants the cause was submitted on the briefs of *John F. Callan* of *Foley & Lardner* of Milwaukee.

For the respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Gerald S. Wilcox,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Holy Family Convent of Manitowoc, Wisconsin, St. Camillus Health Care Center, Inc., Sacred Heart Roman Catholic Church, and St. John's De Nepomuc Roman Catholic Church (collectively, the charities) appeal from an order which determined that their residuary bequests under the will of Emily Pierron are subject to inheritance tax. The trial court determined that only $1,000 of each bequest is exempt from taxation

under sec. 72.17(4)(c), Stats.[1] The charities claim that the full amount of the residuary bequests is exempt from inheritance tax pursuant to sec. 72.15(1)(a)2, Stats.[2] Because we conclude that the residuary bequests were exempt from taxation, we reverse.

The parties entered into a written fact stipulation before the trial court. Emily Pierron died testate October 23, 1985. Paragraphs THIRD and FIFTH of her will provided:

> THIRD: I give One Hundred ($100.00) Dollars each to ST. JOHN DE NEPOMUC ROMAN CATHOLIC CHURCH of Milwaukee, Wisconsin and SACRED HEART ROMAN CATHOLIC CHURCH of Manitowoc, Wisconsin, for masses to be said for the repose of my soul. The receipts from the pastors of said churches to my Co-Personal Representatives shall be sufficient evidence in court that said legacy. has been paid and my intentions carried out.
>
> . . ..
> FIFTH: All of the residue of my estate I give equally to the following:

---

[1]Section 72.17(4)(c), Stats., provides:

Exemptions from the tax, to be applied against the lowest bracket or brackets, are allowed as follows:

. . ..
(c) For the performance of a religious purpose or service for or in behalf of the deceased or for or in behalf of any person named in his will, property of a clear market value of $1,000.

[2]Section 72.15(1)(a)2, Stats., provides:

All transfers to the following are exempt from the tax imposed by this subchapter:

. . .
2. Corporations, trusts, voluntary associations or foundations organized and operated exclusively for religious, humane, charitable, scientific or educational purposes . . ..

a) HOLY FAMILY CONVENT, Manitowoc, Wisconsin;
b) SAINT CAMILLUS HEALTH CENTER, Milwaukee, Wisconsin.
c) SACRED HEART ROMAN CATHOLIC CHURCH, Manitowoc, Wisconsin;
d) ST. JOHN'S DE NEPOMUC ROMAN CATHOLIC CHURCH, Milwaukee, Wisconsin;
e) FRANK and MARIE MULLER, or the survivor of them.

It is my request that the above churches and religious orders give masses for the repose of my soul [sic] of my departed husband, my parents, and myself. I direct that the pastor or superior may execute waivers and receipts to my Co-Personal Representatives and that the Court accept said documents as through [sic] my wishes have been carried out.

Her estate totalled $252,122.39, of which $186,288.56 passed through the residuary to the charities. St. Camillus Health Care Center of Milwaukee, Inc., is a tax-exempt, non-profit retirement and nursing home. The other three charities are tax-exempt, non-profit charitable organizations. It is also undisputed that Emily Pierron was a childless widow of Roman Catholic religious persuasion.

We must determine the legality of the inheritance tax upon stipulated and undisputed facts. The interpretation of a will upon a backdrop of conceded facts presents a legal issue which we review *de novo. In re Estate of McWilliams,* 78 Wis. 2d 328, 335 n.5, 254 N.W.2d 277, 281 n.5 (1977). "The paramount object of will construction is the ascertainment of the testatrix's intent." *In re Estate of Ganser,* 79 Wis. 2d 180, 186, 255 N.W.2d 483, 486 (1977).

In approaching the task of identifying Emily Pierron's intent, we are mindful of several general legal principles. Intent is gleaned from the will's language, the entire testamentary disposition, and the circumstances surrounding its execution. *In re Estate of Graef,* 124 Wis. 2d 25, 31, 368 N.W.2d 633, 636 (1985). Charitable bequests are favored in the law and statutes exempting them from inheritance taxation should be construed to favor exemption. *In re Estate of Frautschy,* 84 Wis. 2d 644, 649, 267 N.W.2d 300, 302 (1978). A court, however, is obligated to apply the clear and unambiguous language of the inheritance tax statute to a charitable bequest and may not resort to an implied exemption to save the bequest from imposition of the tax. *Id.,* 84 Wis. 2d at 648–49, 267 N.W.2d at 302.

The issue presented is whether Emily Pierron intended her Paragraph FIFTH bequests to be for the performance of a religious purpose or services for her, her deceased parents and husband, or whether she intended the bequests to be unfettered by any conditions or requirements. Resolution of this issue determines whether the entire transfers are exempt from taxation under sec. 72.15(1)(a)2, or whether only $1,000 is exempt from each transfer as provided by sec. 72.17(4)(c), Stats.

We conclude that a comparison of the language of Paragraph THIRD with Paragraph FIFTH clearly demonstrates Emily's intent not to make performance of a religious purpose or services a condition or requirement to the bequests under Paragraph FIFTH. Paragraph THIRD specifically provides for nominal bequests for masses, a religious service of the Roman Catholic Church. Next, she structured Paragraph FIFTH as an outright and unconditional gift to the charities, two of

which were beneficiaries under Paragraph THIRD. The wording of Paragraph FIFTH demonstrates her "request" that masses be said. We conclude that this language is precatory because, having already bequeathed $200 for masses, it would be unreasonable for us to conclude that Emily intended the expenditure of $186,288.56 for the same services. Emily's will unambiguously provided for masses and then for an unconditional gift of the residuary. Her expression of a request or wish for additional masses does not mandate performance, which would bring the residuary within the embrace of inheritance taxation.[3]

The trial court reasoned that Emily's request for masses evinced her intent that they were required for the gift. We disagree. A reading of the entire will and consideration of Emily's situation when she executed it leads inescapably to the conclusion that she did not require performance of services as a condition to the gift. Moreover, the trial court's conclusion is flawed because it fails to give effect to the precatory language of the will.

The Department of Revenue presents a similar argument. It contends that Paragraph FIFTH's exoneration of the personal representatives from verifying the performance of masses evinces Emily's intent that they are required. We reject this argument because the personal representatives had no duty under the will to verify performance by the charities. Instead, we conclude that this language reflects the precatory character of the request. Moreover, the "wishes" language of Paragraph FIFTH stands in sharp contrast to the language of Para-

---

[3] A testatrix's expression of "hope" that her relatives would receive favorable consideration from the trustees of her testamentary educational trust in the granting of scholarships was deemed precatory and did not defeat the education exemption. *See generally Estate of Frautschy*, 84 Wis. 2d at 644, 267 N.W.2d at 300.

graph THIRD which refers to the carrying out of Emily's "intentions."

In summary, Emily's will is unambiguous; Paragraph FIFTH's reference to giving masses is precatory and hence, only advisory. Thus, the bequests to the charities under paragraph FIFTH are exempt from inheritance taxes under sec. 72.15(1)(a)2, Stats.

*By the Court.*—Order reversed and cause remanded.