IN the MATTER OF the ESTATE OF Ruth M. LARSON,
Deceased:

Patricia L. GROCHOWSKI, Appellant,

v.

Robert LARSON, Personal Representative of the Estate,
Respondent.

Court of Appeals

*No. 95–1015–FT. Submitted on briefs June 19,
1995.—Decided August 2, 1995.*

(Also reported in 538 N.W.2d 802.)

On behalf of the appellant, the cause was submitted on the brief of *James Manke* of *Manske Law Office* of Oshkosh.

On behalf of the respondent, the cause was submitted on the brief of *Jeanne E. Baivier* of *Engler Flanagan Reff Baivier Bermingham & Zierdt, S.C.* of Oshkosh.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Patricia L. Grochowski has appealed from an order denying her claim for $40,000 from the estate of her mother, Ruth M. Larson (the decedent). Grochowski's claim was based on Article One, Section A, of the decedent's will, which gave the decedent's "tangible personal property wherever located" to her surviving children in equal shares. The

sole issue on appeal is whether the decedent's bank accounts, certificates of deposit, annuity and trust proceeds, plus cash in the amount of $477.11, constituted tangible personal property.[1] We agree with the trial court that under Wisconsin law these items constitute intangible, rather than tangible, personal property and thus passed to persons other than Grochowski under the decedent's will. We therefore affirm the trial court's order.

The paramount object of will construction is to ascertain the decedent's intent. *Holy Family Convent v. DOR*, 157 Wis. 2d 192, 195, 458 N.W.2d 579, 581 (Ct. App. 1990). Intent is gleaned from the will's language, the entire testamentary disposition and the circumstances surrounding its execution. *Id.* at 196, 458 N.W.2d at 581. Language employed by a testator must be given its common and ordinary meaning. *See Schuler v. Cobeen*, 270 Wis. 545, 550, 72 N.W.2d 324, 327 (1955).

In this case, the only evidence before the trial court regarding the decedent's intent consisted of the will itself. Because the facts were therefore undisputed, the interpretation of the decedent's will presents a legal question which we review de novo. *Holy Family Convent*, 157 Wis. 2d at 195, 458 N.W.2d at 580.

While no statutes or cases directly address whether cash, bank deposits, annuities and trust proceeds are tangible or intangible personal property for purposes of probate, the trial court's determination that they are intangible assets comports with both the

---

[1] The trust proceeds consisted of an uncashed check and an additional distribution of an unknown amount to be made when the trust terminated.

ordinary dictionary definition of the terms and the construction given to the terms in other areas of the law. Specifically, "tangible property" is defined as property "which may be felt or touched, and is necessarily corporeal, although it may be either real or personal (*e.g.* ring or watch)." BLACK'S LAW DICTIONARY 1456 (6th ed. 1990). "Intangible property" is defined as "such property as has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stocks, bonds, promissory notes, copyrights, and franchises." *Id.* at 809.

A bank account is a contract between a depositor and a financial institution for the deposit of funds. Section 705.01(1), STATS. An annuity confers a right to receive payments. BLACK'S, *supra*, at 90. Since bank deposits, checks, annuities and trust agreements are all agreements or documents conferring rights to the management and payment of money or assets, they fall within the definition of intangible personal property rather than tangible personal property. They have no value by themselves, but rather *represent* value.

This conclusion is consistent with the law defining tangible and intangible personal property in other areas of the law, as in construing intangible personal property to include cash. Section 177.01(10)(a), (d) and (f), STATS., of the Uniform Unclaimed Property Act defines intangible property to include money, checks, drafts, deposits, interest, dividends and income, as well as money deposited to make distributions, and amounts distributable from various trusts or custodial funds. Similarly, in the context of an application for abatement of income taxes upon trust income, the Wisconsin Supreme Court described the "intangible assets" of the trust as including stocks, bonds, securities, notes and cash deposits in banks. *Pabst v.*

*Department of Taxation*, 19 Wis. 2d 313, 316, 120 N.W.2d 77, 79 (1963); *see also Bulkley v. Department of Taxation*, 244 Wis. 404, 406, 12 N.W.2d 684, 685 (1944) (describing a trust fund containing securities and bank deposits as consisting of intangible personal property).

In contrast, "tangible personal property" under the general sales and use tax is not defined to include assets like bank deposits, annuities or trust proceeds, and includes coins only when they can be sold or traded as collectors' items above their face value. *See* § 77.51(20), STATS. Similarly, § 853.57, STATS., describes "tangible articles" for distribution under a Wisconsin basic will form as items like jewelry, books, clothing, personal automobiles, recreational equipment and household furnishings and effects.

Based on these definitions, we conclude that the trial court properly determined that the claimed assets were intangible personal property. While we therefore affirm the trial court's order, we deny the motion filed by the respondent, Robert Larson, for costs and fees for a frivolous appeal. The question of whether an appeal is frivolous is decided by this court as a matter of law. *J.J. Andrews, Inc. v. Midland*, 164 Wis. 2d 215, 225, 474 N.W.2d 756, 760 (Ct. App. 1991). Because there are no cases or statutes directly addressing the issue of whether cash, bank accounts, annuities and trust proceeds are tangible or intangible personal property for probate purposes, and because Grochowski made a defensible and reasonable argument to support her claim that they were tangible assets, we reject Larson's claim that the appeal was frivolous. *See id.* at 226, 474 N.W.2d at 760.

*By the Court.*—Order affirmed.