**VACATE and AFFIRM; Opinion Filed March 7, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01195-CV

**SHAIBAL CHAKRABARTY, Appellant**
**V.**
**DEEPA GANGULY, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-51665-2011**

# EN BANC OPINION

Before the Court en Banc[1]
Opinion by Justice Schenck

On appellee's motion for rehearing en banc, we withdraw our opinion dated December 10, 2018, and vacate the judgment of that date. This is now the opinion of the Court.

Shaibal Chakrabarty appeals from an order of enforcement of property division, contractual alimony, and modification of health insurance provisions. In his first issue, Chakrabarty urges portions of Deepa Ganguly's motion for enforcement requested enforcement of the division of tangible personal property, a request that he maintains was barred by limitations. In his second issue, Chakrabarty argues the trial court erred by modifying the property division set forth in the divorce decree between the parties. We affirm the trial court's judgment.

---

[1] The Court en Banc consists of the 13 current justices as well as the original members of the panel, the Hon. Martin Richter, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, and the Hon. Molly Francis, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

BACKGROUND

Chakrabarty and Ganguly were married and had two children. In 2012, the trial court signed an agreed final decree of divorce (Divorce Decree). In 2016, Ganguly filed a motion for enforcement, seeking to enforce provisions of the Divorce Decree. She also filed an original petition for breach of alimony contract, alleging Chakrabarty had failed to pay alimony installments ordered in the Divorce Decree.

After conducting a bench trial, the trial court signed an order of enforcement (Enforcement Order) that ordered Chakrabarty to (1) make payments to Ganguly to satisfy the funds transfer requirements under the Divorce Decree, (2) make payments to Ganguly for unpaid contractual alimony payments, (3) provide health insurance for the parties' children and reimburse Ganguly for health insurance premiums she had paid, (4) add Ganguly's name to the custodial accounts for the children, and (5) pay $10,000 in attorney's fees to Ganguly's attorney.[2] Chakrabarty timely appealed the Enforcement Order.

On appeal before a panel of this Court, Chakrabarty raised two issues. First, he argued portions of the Enforcement Order were barred by the statute of limitations set forth in section 9.003(a) of the family code, specifically the portions awarding funds to Ganguly.[3] Section 9.003 of the family code provides that a suit to enforce the division of tangible personal property in existence at the time of the decree of divorce or annulment must be filed before the second anniversary of the date the decree was signed or becomes final after appeal, whichever date is later,

---

[2] Although the Enforcement Order included certain findings, such as those listed below in the following footnote, Chakrabarty filed an untimely request for findings of fact and conclusions of law, which the trial court did not grant, and a motion for new trial, which was overruled by operation of law.

[3] In the Enforcement Order, the trial court found Chakrabarty failed to divide or deliver the following funds and generally ordered him to make payments to Ganguly to satisfy those amounts:

1. 223,858.50 rupees from the INC account;

2. $667.31 from the Fidelity Investments account;

3. $27,196.00 from the Merrill Lynch Online IIA account; and

4. $25,525.00 from the TD Ameritrade account.

or the suit is barred.  *See* TEX. FAM. CODE ANN. § 9.003(a).  The record reflects Ganguly filed her motion for enforcement nearly four years after the Divorce Decree was signed.

In her brief, Ganguly denied her claims for the funds are time-barred, citing us to decisions of other courts of appeals and a much earlier Texas Supreme Court decision holding that money is not "tangible personal property" so as to trigger the two-year time bar in section 9.003.  However, as noted at oral argument, a prior panel opinion from this Court had already held to the contrary.  *Long v. Long*, 196 S.W.3d 460, 467–68 (Tex. App.—Dallas 2006, no pet.).  Once a panel of this Court has spoken, subsequent panels are powerless to contradict that decision, barring reconsideration by the Court sitting en banc or an intervening decision by the supreme court.  *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.).  Accordingly, the panel in this case found *Long* controlled the disposition and sustained Chakrabarty's first issue.  We therefore reversed the portions of the trial court's order awarding funds to Ganguly as an enforcement of division of tangible personal property; rendered judgment denying Ganguly's requests for enforcement of division of tangible personal property as barred by limitations; and otherwise affirmed the remaining portions of the trial court's order.

Ganguly has moved for en banc reconsideration, arguing our decision in *Long* is inconsistent with a prior decision of the Texas Supreme Court and with decisions of other Texas courts of appeals.

## DISCUSSION

We will rehear a case en banc where it is necessary to secure uniformity of the Court's decisions and in other extraordinary circumstances, as we deem necessary. TEX. R. APP. P. 41.2(c).[4]

Our conclusion with respect to the characterization of funds as tangible in *Long v. Long* was necessary to resolve one of many issues brought forward in that case. Unfortunately, the briefs in *Long* appear to have failed to direct the Court to any authority governing the question of whether such funds should be considered "tangible personal property" in the context of section 9.003(a). Presumably, had the issue been briefed more comprehensively, the *Long* panel would have considered the opinions of the supreme court and a sister court of appeals available at that time.

We will begin with the supreme court's holding in *Great South Life Insurance Co. v. City of Austin*. That decision involved the treatment of money and shares of stock in private corporations for the purpose of taxation under an earlier legislative enactment, both of which were held to constitute "intangible" personal property. *See Great S. Life Ins. Co. v. City of Austin*, 243 S.W. 778, 781 (Tex. 1922). While not directly controlling on the proper interpretation of the term "tangible personal property" in the later enacted section 9.003(a), we presume as a general matter that the Legislature intends to adopt a meaning in concert with its own previous use of the same or logically parallel terms in prior enactments. TEX. GOV'T CODE ANN. §§ 311.011(b) & 311.203(4). We also presume that the Legislature is aware of, and intends a meaning in accord with, prior judicial interpretations of the same terms, particularly where, as here, those constructions are uniform, include a decisive reading from a terminal court, and cover a vast expanse of time. *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984).

---

[4] The standard set forth in Rule 41 is sufficiently broad to afford the Court the discretion to consider a case en banc "if the circumstances require and the court votes to do so." *Wal-Mart Stores v. Miller*, 102 S.W.3d 706, 708 n.1 (Tex. 2003). While en banc reconsideration is disfavored under the rule, we deem it appropriate here.

In *Ford v. Ford*, the Fourteenth Court of Appeals addressed whether money could be considered "tangible personal property" under section 9.003(a), first noting that the term was not defined in the family code, but going on to use definitions from the tax code, supreme court opinions, and Black's Law Dictionary to conclude that "money is not a 'tangible chattel' or 'goods' but is instead a currency of exchange that enables the holder to acquire goods." No. 14-99-00246-CV, 2000 WL 1262469, at *2 (Tex. App.—Houston [14th Dist.] Sept. 7, 2000, no pet.) (not designated for publication).

Since our decision in *Long*, two other courts of appeals addressed the definition of "tangible personal property" in section 9.003(a) and concluded that money is not "tangible personal property." *See Wilke v. Phillips*, No. 04-12-00604-CV, 2013 WL 6022245, at *2 (Tex. App.—San Antonio Nov. 13, 2013, no pet.) (mem. op.) (citing TEX. TAX CODE ANN. § 151.009 (defining "tangible personal property"); TEX. FIN. CODE ANN. § 371.003 (defining "goods" as "tangible personal property"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980) (holding money is not a "good" under DTPA)); *Gentile v. Gentile*, No. 13-04-167-CV, 2007 WL 271144, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 1, 2007, pet. denied) (mem. op.) (citing same authorities). Indeed, the conclusion that money and shares of stock are not within the normal understanding of the term "tangible personal property" is hardly confined to this State or its Legislature. *See, e.g.*, *In re Estate of Bennett*, 789 P.2d 446, 448 (Colo. App. 1989); *In re Estate of Larson*, 538 N.W.2d 802, 804 (Wis. Ct. App. 1995).[5]

In view of this long and unbroken line of authority to the contrary, we now hold that money and shares of stock are not tangible personal property for the purposes of section 9.003. Thus, we

---

[5] It is also well-accepted that funds placed with a bank ordinarily become general deposits, such that the owner does not retain a general ownership interest in them, but rather enters into a debtor-creditor relationship with the bank. *See Hudnall v. Tyler Bank & Tr. Co.*, 458 S.W.2d 183, 186 (Tex. 1970); *Art & Frame Direct Inc. v. Dallas Market Ctr. Operating LP*, 380 S.W.3d 325, 329 (Tex. App.—Dallas 2012, no pet.); *see also Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 161 (1980) (holding county had no ownership interest in funds placed on deposit).

overrule *Long* to the extent that it holds that money or shares of stock constitute tangible personal property.

We overrule Chakrabarty's first issue.

In his second issue, Chakrabarty argues the trial court erred by modifying the property division set forth in the Divorce Decree.

Subchapter "A" of Chapter 9 of the Texas Family Code is titled "Suit to Enforce Decree." *See* FAM. §§ 9.001–.014. Pursuant to that subchapter, a party affected by a decree of divorce providing for a division of property may request enforcement of that decree by filing a suit to enforce in the court that rendered the decree. *Id.* § 9.001. Generally, the court that rendered the decree of divorce retains the power to enforce the property division contained therein. *Id.* § 9.002. Specifically, the court may render further orders to enforce the division of property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *In re Marriage of Pyrtle*, 433 S.W.3d 152, 160 (Tex. App.—Dallas 2014, pet. denied) (citing FAM. § 9.006(a)). The trial court may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed. FAM. § 9.006(b). However, once the trial court's plenary power has expired, the trial court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. *Id.* § 9.007(a). An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property. *Id.* An order under section 9.007 that amends, modifies, alters, or changes the actual substantive division of property made or approved in a final decree of divorce is beyond the power of the divorce court and is unenforceable. *Id.* § 9.007(b).

Chakrabarty focuses his arguments on the trial court's division of (1) the Mairs and Power Funds account and (2) the Merrill Lynch Online IIA account. Chakrabarty maintains that the

record reflects the trial court "was fully aware that [Ganguly] had been paid twice on the Mairs and Powers account" and that the trial court "acted as if it were dividing the parties' property de novo [when the trial judge] stated that the Merrill Lynch Online IIA account would be split 50/50 since almost every account that the parties owned was split 50/50." Chakrabarty further complains that the trial court "effectively modified and took away the $12,070 awarded to [Chakrabarty] in the divorce decree, and awarded it to [Ganguly's] half by allowing [Ganguly] to be paid twice on Mairs and Powers account as stated in her testimony."

In the Divorce Decree, the trial court awarded to Ganguly "$12,070.00 from [Chakrabarty's] Mairs and Power Funds account, account # ending in 3814" and "$27,196.00 from [Chakrabarty's] Merrill Lynch Online IIA account, account # ending in 2850." In the Enforcement Order, the trial court specifically found that Chakrabarty failed to deliver, among other funds, the $27,196.00 from the Merrill Lynch Online IIA account. The trial court did not award any amount to Ganguly from the Mairs and Power Funds account, but in setting forth the amounts awarded in the Divorce Decree, the Enforcement Order includes the notation "withdrawn by DEEPA CHAKRABARTY." Accordingly, we cannot conclude the Enforcement Order modified the Divorce Decree.

Moreover, even if we were to construe Chakrabarty's issue as challenging the evidence to support the Enforcement Order, we note that he fails to challenge the trial court's specific finding in the Enforcement Order that he failed to deliver the ordered funds from the Merrill Lynch Online IIA account or otherwise show reversible error. Accordingly, this argument as construed fails to persuade.

We overrule Chakrabarty's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171195F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAIBAL CHAKRABARTY, Appellant

No. 05-17-01195-CV      V.

DEEPA GANGULY, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-51665-2011.
Opinion delivered by Justice Schenck, before the court en banc.

In accordance with this Court's opinion dated March 7, 2019, we **VACATE** the judgment of December 10, 2018.  This is now the judgment of the Court.

The judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DEEPA GANGULY recover costs of this appeal from appellant SHAIBAL CHAKRABARTY.

Judgment entered this 7th day of March, 2019.