**Affirmed and Opinion Filed March 7, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-01235-CV**
_____

**STEPHANIE DIANNA ELLIOTT, Appellant**

**V.**

**CORI RUSSELL, Appellee**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-09101**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Appellant Stephanie Dianna Elliott appeals the November 1, 2022 Final Divorce Decree (the Decree) ending her marriage to appellee Cori Russell. In two issues, Elliott contends the trial court erred (1) by failing to include in the Decree sufficient detail concerning how property awarded to Elliott would be turned over to her from Russell, and (2) by not allowing Elliott to offer evidence concerning property she owned prior to marriage. For the reasons discussed below, we affirm the trial court's judgment.

Elliott and Russell were married November 10, 2018. When Elliott was arrested in April 2021, the parties agreed to end their marriage.[1] During the course of the divorce litigation, they agreed on a division of their property, and Russell placed the property to be awarded to Elliott in a unit at a Storage King facility.[2] The Decree was signed November 1, 2022. Elliott contends that Russell has refused to turn over the keys to the storage unit to Elliott's family. Moreover, because the unit is in Russell's name, Storage King will not assist Elliott in obtaining her property. Elliott asks us to order Russell to comply with the Decree or to remand and instruct the trial court to give detailed orders to Russell and to Storage King for the transfer of Elliott's property.

Both parties appeared pro se below, and Elliott filed this appeal pro se. Russell did not file a brief in this Court. Accordingly, we accept as true the facts stated by Elliott in her brief. TEX. R. APP. P. 38.1(g).

In her first issue, Elliott complains that the trial court did not include in the Decree sufficient detail concerning how her property would be turned over. The Decree includes this typed language, which is initialed by the trial judge:

> [Elliott] shall be responsible financially for the storage unit [specifically identified by Storage King address and unit number] beginning November 1, 2022. [Elliott's] family shall pick up the keys

---

[1] Elliott was sentenced to 108 months' confinement on April 22, 2022. Accordingly, she has participated in this litigation while serving that sentence.

[2] The property awarded to Elliott included a GE dryer, a set of cream-colored bedroom furniture, an LG television, and a Bluetooth speaker.

for the unit from [Russell] as well as notify Storage King regarding what will happen to [Elliott's] property on or before November 5, 2022.

We disagree with Elliott's argument that these instructions were not sufficiently detailed to provide for the exchange of her property to her family from Russell. The Decree gave dates (on or before November 5) for Elliott's representative to pick up the keys from Russell, whose address, phone number, and email are all contained in the Decree. The Decree also gave the dates for Elliott to begin paying for the storage unit (November 1) and for her family to notify Storage King regarding whether the property would be moved or would remain in storage (on or before November 5). Stated succinctly, the Decree was specific enough for reasonable people to understand their obligations. *See generally Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995) (decree should set forth terms of compliance in clear, specific and unambiguous terms so person charged with obeying decree will readily know exactly what duties and obligations are imposed upon her).

Elliott asks us to reverse the Decree. She did not, however, file a post-trial motion challenging any part of the Decree. She does not complain that the divorce was granted or that the property was divided contrary to the parties' agreement.[3] Indeed, it appears that Elliott's complaint is not truly with the trial court or the Decree but with Russell's refusal to comply with the Decree. But this Court cannot

---

[3] Although Elliott's second issue mentions property she purchased before marriage, the record contains the parties' property division agreement, which the Decree follows. Elliott did not identify any separate property in the trial court. Nor does she address—beyond the bare statement of this second issue—any other property in her brief. Accordingly, we do not address the issue of separate property or Elliott's second issue.

enforce the Decree. That power lies in the trial court that rendered the Decree. *See* TEX. FAM. CODE ANN. § 9.02 ("The court that rendered the decree of divorce or annulment retains the power to enforce the property division"). Through a suit to enforce a divorce decree—pursuant to Chapter 9, Subchapter A of the Family Code—the trial court may render further orders that assist in the implementation of or clarify the court's prior order, *id.* § 9.006(a), or that specify more precisely the manner of effecting the property division previously made, *id.* § 9.006(b). *See Chakrabarty v. Ganguly*, 573 S.W.3d 413, 417 (Tex. App.—Dallas 2019, no pet.).

We discern no error in the Decree. We overrule Elliott's first issue and affirm the trial court's judgment.

221235f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEPHANIE DIANNA ELLIOTT,
Appellant

No. 05-22-01235-CV      V.

CORI RUSSELL, Appellee

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-22-09101.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CORI RUSSELL recover her costs of this appeal from appellant STEPHANIE DIANNA ELLIOTT.

Judgment entered this 7th day of March, 2024.