**Dissenting Opinion Filed April 30, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00709-CV**
_____

**MONTICELLO ASSET MANAGEMENT, INC., Appellant**
**V.**
**JACKSON WELLS, DEVIN SCHARES,**
**AND ELIZABETH RUSSELL, Appellees**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-18-0027**

# OPINION DISSENTING FROM THE DENIAL OF APPELLEES' MOTION FOR EN BANC REHEARING

Dissenting Opinion by Justice Partida-Kipness

The majority of my colleagues have concluded en banc review is not appropriate in this case. I disagree with that conclusion and respectfully dissent from the denial of Appellees' motion for en banc rehearing.

"En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c). Courts have discretion, however, to determine whether en banc review is "necessary" in each case. *Chakrabarty v. Ganguly*, 573 S.W.3d 413, 415–16 & n.4

(Tex. App.—Dallas 2019, no pet.) (en banc) (stating the standard for en banc review is sufficiently broad to afford a court the discretion to consider a case en banc when the circumstances require and the court votes to do so); *see also Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 708 n.1 (Tex. 2003) (per curiam).

En banc review is an available tool this Court should employ in this case because the panel opinion disturbs the security and uniformity of this Court's jurisprudence. The panel opinion fails to consider the totality of the circumstances when defining the premises defect and when deciding whether a condition is open and obvious, and too narrowly defines the premises defect. As a result, the panel majority has created a standard for determining whether a premises defect is open and obvious that deviates from the applicable standard across the state. Further, the panel majority erroneously disregarded the jury's weighing of disputed evidence in favor of deciding a fact-intensive issue as a matter of law. The record does not support the conclusion that those issues can be decided as a matter of law in this case.

Appellees argue it is important for the full court to consider what parameters define a premises defect and what should be considered when reviewing the totality of the circumstances surrounding a premises defect. I agree. Moreover, this case demands en banc review because the majority opinion deviates so widely from well-established standards in premises defect cases. By refusing to allow the full court to weigh in on these matters, my colleagues have allowed two of thirteen justices to

materially change how this Court must address premises defect cases in the future. That troubling result will undoubtedly affect many cases and litigants moving forward.

For these reasons and for the concerns stated in my dissent to the panel opinion, I respectfully dissent from the denial of Appellees' motion for en banc rehearing.

220709f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Molberg, Nowell, and Carlyle, JJ., join in this dissenting opinion.