# Court of Appeals
## Tenth Appellate District of Texas

10-23-00207-CV
10-23-00208-CV

In the Estate of Edward C. Curry, Deceased

On appeal from the
County Court at Law No. 1 of Ellis County, Texas
Judge James S. Chapman, presiding
Trial Court Cause Nos. 22-E-2331 and 22-E-2331-23CV1

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

After the death of Edward C. Curry, a jury trial was held to resolve the dispute between the applicant of Edward Curry's last will and testament, Emberlee Curry, and the opponent, Patricia Gant ("Gant"). The jury found in favor of Emberlee Curry. The jury found Edward Curry's 2021 will to be valid and enforceable and determined that no informal marriage existed between Gant and Edward Curry. We affirm.

### Background

Edward Curry died on July 2, 2022. On October 5, 2017, Edward Curry signed a Last Will and Testament. On September 8, 2021, Edward Curry

signed a new Last Will and Testament. Both wills were signed in the presence of the same three witnesses: K. Brown, J. Brown, and D. Barber. On or about August 18, 2023, Emberlee Curry, daughter and one of three children of Edward Curry, filed an Amended Application for Probate of Will and for Letters of Administration with Will Annexed. Gant filed her oppositions to Emberlee Curry's filings, asserting her interest in the estate and seeking to be declared the wife of the deceased via informal marriage. The trial court divided these issues in two cause numbers: 22-E-2331 and 22-E-2231-23CV1 for judicial economy.

On or about June 12, 2023, trial was held on both cause numbers. At trial, Gant again made objections to the 2021 will, but the trial court admitted it into evidence over objections. Gant tried to offer evidence regarding the 2017 will through Gant's testimony. The trial court excluded the exhibit because Gant waited until the end of trial to offer the evidence and because she had no personal knowledge of the will itself. The jury found in favor of Emberlee Curry.

This appeal by Gant followed. In four issues, Gant asserted on appeal: (1) that the trial court abused its discretion in excluding evidence of a prior 2017 will, (2) that the trial court abused its discretion in refusing to include a jury instruction offering a more detailed explanation of informal marriage in

addition to the statutory definition, (3) that the jury erred in concluding that a will meets the statutory requirements under TEXAS ESTATE CODE § 251.051 when it is not self-proving, and the testator and witnesses signed the will on a separate page, and (4) that the jury erred in concluding that a couple is not informally married under TEXAS FAMILY CODE § 2.401(A)(2) when there is conflicting testimony regarding whether the couple held themselves out to be married. We disagree for the reasons detailed below.

## Discussion

We first analyze the assertions by Gant that the trial court abused its discretion by excluding the 2017 will and by excluding Gant's proposed definition of informal marriage from the jury instructions. We will then turn to whether Gant can prove that the evidence is legally and factually insufficient to show that the 2021 will was validly executed and whether Gant can prove that the evidence was legally and factually insufficient to establish no informal marriage existed between Gant and Edward Curry.

### *Exclusion of Evidence*

The standard of review for exclusion of evidence is abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551 (Tex. App.— Houston [1st Dist.] 1996), aff'd, 972 S.W.2d 35 (Tex. 1998). To obtain reversal of a judgment based on error in the exclusion of evidence, an

appellant must show that the trial court's ruling was erroneous and that the error was calculated to cause, and probably did cause, the rendition of an improper judgment. *Id*. at 557. Exclusion of evidence is not reversible error unless the complaining party demonstrates that the case turns on the particular evidence excluded. *Garden Ridge, L.P. v. Clear Lake, L.P.*, 504 S.W.3d 428, 441 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 274 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

A trial court does not abuse its discretion in the exclusion of evidence if the evidence that was excluded would not have made a difference in the judgment. *Id*. at 441. In *Garden Ridge*, a party argued that the trial court erroneously excluded an email that would have supported and proved one element of its estoppel defense. *Id*. at 441-42. That party provided no evidence to prove any other element of its estoppel defense. *Id*. at 444. Because admitting the evidence would have made no difference in the judgment, the court concluded that the exclusion did not probably cause the rendition of an improper judgment. *Id*. at 444.

Here, Gant argues that the 2017 will would show that the 2021 will is fraudulent because multiple inconsistencies exist between the two wills. Gant was seemingly not trying to admit the 2017 will to have it validated or

probated, but only to use it as some evidence of the invalidity of the 2021 will. The same three witnesses who signed and attested to the 2021 will also signed the 2017 will. The jury heard and was able to rely on the testimony of those three witnesses (K. Brown, J. Brown, and D. Barber) in deciding that the 2021 will is valid. Admitting the former will into evidence would have made no difference in the judgment regarding the validity of the 2021 will. Because Gant failed to show that the trial court's exclusion of the former will probably caused the rendition of an improper judgment, we overrule Gant's first issue.

## *Jury Instruction*

A trial court has significant discretion to determine proper jury instructions. TEX. R. CIV. P. 277; *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012). "A trial court must give such instructions and definitions as shall be proper to enable the jury to render a verdict." *Estate of Durrill*, 570 S.W.3d 945, 962 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.). A trial court's decision to submit or refuse a particular instruction is reviewed for abuse of discretion. *Id*. The question on appeal is whether the refused request was reasonably necessary to enable the jury to render a proper verdict. *Id*. "The omission of an instruction is reversible error only if the omission probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a); *Id*.

When a trial court bases its jury instruction on a Texas Pattern Jury Charge for informal marriages which simply restates the statutory definition from the Family Code, the trial court does not abuse its discretion. In *Westerman v. Richardson*, Westerman proposed instructions containing the statutory definition of informal marriage—as in this case—as well as an instruction reading "The agreement of the parties to marry may be inferred or implied if it is proved that they lived together as husband and wife and represented to others that they were married." *Westerman v. Richardson*, No. 13-02-420-CV, 2004 WL 100400, at *2, n.1 (Tex. App.—Corpus Christi–Edinburg Jan. 22, 2004, no pet.). The trial court refused Westerman's extraneous instructions and instructed the jury solely based on the statutory definition. *Id.* Because the trial court based the charge on "reasonable guidance" by using a pattern jury charge incorporating the statutory definition, the appellate court affirmed the trial court. *Id.*

Here, like *Westerman*, the trial court instructed the jury solely on the statutory definition of informal marriage. Gant argues that her proposed instruction regarding an implied agreement to marry was necessary for a proper verdict. But, like *Westerman*, the trial court based the instruction on a pattern jury charge that incorporated the Texas Family Code definition of informal marriage. TEXAS PATTERN JURY CHARGES PJC 201.4A (2024 ed.)

("Two people are married if they agreed to be married and after the agreement they lived together in Texas as spouses and they represented to others that they were married."); TEX. FAM. CODE ANN. § 2.401 (Vernon 2005). Because the trial court based the instruction on "reasonable guidance," we overrule Gant's second issue.

## *Valid Will*

When challenging a jury verdict, an appellate court conducts a legal and factual sufficiency review of the evidence supporting a jury's verdict. *See Long v. Long*, 196 S.W.3d 460, 464 (Tex. App.—Dallas 2006), overruled in part by *Chakrabarty v. Ganguly*, 573 S.W.3d 413 (Tex. App.—Dallas 2019, no pet.). When a party challenges the legal sufficiency of an adverse finding on an issue on which they did not have the burden of proof, the party must demonstrate on appeal that no evidence supports the adverse finding. *Id.* Evidence is viewed in the light most favorable to the verdict. *Id.* The jury's verdict will not be set aside if there is more than a mere scintilla of evidence proving the element of the claim. *See id.* Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *Id.* (quoting *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)). When a party without the burden of proof challenges the factual sufficiency of the evidence to support an adverse finding, the

party must demonstrate that there is insufficient evidence to support the adverse finding. *Long*, 196 S.W.3d at 464. The jury's verdict will be set aside only if the evidence that supports the finding is so weak as to be clearly wrong and manifestly unjust. *Id*.

A valid will must be: 1) in writing; 2) signed by the testator in person; and 3) attested by two or more credible witnesses who are at least 14 years of age and who subscribe their names to the will in their own handwriting in the testator's presence. TEX. EST. CODE § 251.051. The parties do not dispute that the will was in writing but Gant disputes whether the will was properly signed and attested to.

A. <u>Signature of the 2021 Will</u>

A will is not signed when the signature and will appear in two separate documents. *See Ajudani v. Walker*, 177 S.W.3d 415 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Conversely, an informal signature's location may be of secondary importance if the maker intended his name to constitute a signature expressing approval of the instrument as the maker's will. *Jones v. Jones*, 649 S.W.3d 577, 584 (Tex. App.—Houston [1st Dist.] 2022, no pet.).

Gant argues that the will was not signed by Edward Curry. Here, the signature of Edward Curry is on the second page. The second page does not contain any provision of the will. In *Ajudani*, the court found that the

purported holographic will was not valid because the will and signature page were separate documents. *Ajudani*, 177 S.W.3d. at 419. In *Ajudani*, the will was seven pages, with the seventh page being written on a different type of paper and with the sixth page containing a postscript and a carbon copy designation, indicating that the sixth page was the final page of the letter. *Id.* at 418. The seventh page also lacked the category headings indicated by a circled number that appeared on the previous pages. *Id.* at 417. Unlike *Ajudani*, there are no markers indicating that the first and second pages of Edward Curry's 2021 will are two separate documents. The second page containing the signature of the testator and witnesses is stapled to the first page containing the disposition provisions and is written on the same type of paper.

Texas courts are lenient regarding the location and form of a signature. *See In re Estate of Standerfer*, 530 S.W.3d 160 (Tex. App.—Eastland 2015, no pet.). In *Jones v. Jones*, the testator did not sign the will on the signature block of the document's seventh page, but instead initialed and dated the bottom left corner of each of the document's first six pages. *Jones*, 649 S.W.3d at 580-581. Because the testator gathered witnesses for a will signing ceremony, asked at least one witness to sign as a witness to the will, initialed pages one through six before two testifying witnesses, and declared the will

as his last will and testament, the court reversed the trial court and found there was legally insufficient evidence to support the jury's finding that the testator did not intend to sign the will. *Id.* at 588. Like *Jones*, Edward Curry gathered three witnesses for the will signing, asked three testifying witnesses to sign the will, signed the second page of the will, and declared the will to be his last will and testament. Legally and factually sufficient evidence exists that Edward Curry intended the signature to constitute approval of the document as his will.

B. Attestation of the 2021 Will

The parties agree that the will here is not a self-proving will. When an attested will is not self-proved, the will "may be proved by the sworn testimony or affidavit of one or more of the subscribing witnesses to the will taken in open court." TEX. EST. CODE § 256.153(B). A will is attested to when at least two non-inheriting witnesses attest to the signature and at least one of the witnesses provides sworn testimony. *In re Estate of Matteson*, No. 05-12-01420-CV, 2013 WL 3355385, at *2 (Tex. App.—Dallas July 2, 2013, no pet.). In *In re Estate of Matteson*, Matteson made handwritten changes to his previous will that was typed out and initialed each of these changes as he made them. *Id.* at *1-2. Three different witnesses saw Matteson make the changes to his will. *Id.* at 1. At a probate hearing, all three witnesses

testified that they saw Matteson make changes to his will and sign it. *Id*. The court of appeals held that the will was attested because it was witnessed by three witnesses who testified. *Id*. at 6. Like *In re Estate of Matteson*, the subscribing witnesses, K. Brown, J. Brown, and D. Barber, all testified orally in court as to the facts required by TEXAS ESTATES CODE §§ 251.001 and 251.051. Additionally, all the witnesses signed their written testimony.

There is sufficient evidence that the 2021 will was both signed and attested to by witnesses. Because the evidence supports each of the statutory requirements of TEXAS ESTATES CODE § 251.051, we conclude the evidence is legally and factually sufficient to support the jury's verdict. We overrule Gant's third issue.

## *Informal Marriage*

To evaluate the legal sufficiency of the evidence to support a finding, we must "determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Lewis v. Anderson*, 173 S.W.3d 556, 558 (Tex. App.—Dallas 2005, pet. denied) (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). Evidence is viewed in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id*. (citing *City of Keller v.*

*Wilson*, 168 S.W.3d 802, 821 (Tex. 2004)).  When the party having the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as a matter of law.  *Serrano Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex. App.—El Paso 2004, pet. denied).  The jury is the sole judge of a witness's credibility and of the weight to be given to the witness's testimony.  *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 736-37 (Tex. App.—Texarkana 1996, no writ) (citing *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)).  The appellate court may not substitute its opinion for that of the jury merely because it could reach a different result.  *Id.* at 737 (citing *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993)).

Because Gant had the burden to prove informal marriage, she must prove each element of informal marriage as a matter of law.  *Serrano Union Planters Bank, N.A.*, 162 S.W.3d at 579.  An informal or common-law marriage exists in Texas if the parties: 1) agreed to be married; 2) lived together in Texas as husband and wife after the agreement; and 3) in Texas, represented to others that they are married.  See TEX. FAM. CODE § 2.401(a)(2).  The jury found that no informal marriage existed between Gant and Edward Curry.

Evidence of an agreement to be married may be inferred from cohabitation and representations. *Winfield v. Renfro*, 821 S.W.2d 640, 646 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *Assoun v. Gustafson*, 493 S.W.3d 156, 160 (Tex. App.—Dallas 2016, pet. denied) ("Evidence of cohabitation and 'holding out' in some cases may constitute some evidence of an agreement to be married."). However, evidence of holding out to the public must be particularly convincing to be probative of an agreement to be married. *Assoun*, 493 S.W.3d at 160. "Occasional informal references to another as their spouse will not prove an agreement to be married." *Id.*

To prove an informal agreement to be married by circumstantial evidence, there must be some evidence that the couple had a reputation in the community for being married. *In re Estate of Mooney*, No. 01-18-00096-CV, 2019 WL 3917427, at *10 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019, no pet.). In *Mooney*, the party trying to prove the informal marriage, provided affidavits from himself and his friend stating that he and Mooney represented that they were married and that they viewed the couple as married. *Id.* at *10. However, the evidence showed that after the time the party claimed he married Mooney, Mooney signed multiple deeds, deeds of trust, and federal income tax returns where she referred to herself as "single." *Id.* at *11. The court concluded that the party failed to prove the

couple's reputation in the larger community for being married and affirmed the trial court's finding that the couple never married. *Id.* Similar to *Mooney*, Emberlee Curry provided a death certificate, tax returns, and a warranty deed referring to Edward Curry as "single."

Several witnesses testified that Edward Curry and Gant were not married informally or otherwise. Gant provided her testimony and the testimony of two friends that stated the couple was married as well as a text message in which Edward Curry referred to Gant as his wife. At most, this raises a question of fact. It is the trier of fact's province to resolve conflicting evidence. *City of Keller*, 168 S.W.3d at 820. We conclude the competing testimony does not establish as a matter of law that Gant and Edward Curry agreed to be married and that they represented to the community that they were married. The jury did not err in finding that no informal marriage existed between Gant and Edward Curry. We overrule Gant's fourth issue.

## Conclusion

Accordingly, we affirm the judgment of the trial court.

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  August 28, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris

Affirmed

CV06

