# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00531-CV

---

**The State of Texas, Appellant**

**v.**

**The City of Houston, The City of San Antonio, and The City of El Paso, Appellees**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-23-003474, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

## T O   D E N I A L   O F   E N   B A N C   R E C O N S I D E R A T I O N

This case involves a challenge to the constitutionality of the "Death Star Bill," as House Bill 2127 (HB 2127) is widely known. HB 2127 prohibits home-rule cities from "adopting, enforcing, or maintaining" local laws regulating conduct in eight specified fields already regulated by statewide statutory codes unless the local regulation is "expressly authorized" by another state statute. After the trial court held HB 2127 unconstitutional, this Court reversed the district court's judgment and rendered judgment granting the State's plea to the jurisdiction, concluding that the Plaintiffs—the Cities of Houston, San Antonio, and El Paso—lacked standing to assert their claims. *See State v. City of Houston*, No. 03-23-00531-CV, __ S.W.3d __, 2025 WL 2014935 (Tex. App.—Austin July 18, 2025, no pet. h.).

On September 17, 2025, Plaintiffs filed a motion for en banc reconsideration. A majority of the Court has voted to deny that motion while two justices would grant en banc reconsideration. *See* Tex. R. App. P. 49.7 (requiring approval of majority of court before appeal may be reconsidered en banc). Because I would grant the motion, I respectfully dissent from that denial.

En banc consideration is not favored and should not be ordered "unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." Tex. R. App. P. 41.2(c). The rules do not define what constitutes "extraordinary circumstances," and courts have discretion to determine whether such circumstances exist in a given case. *See Chakrabarty v. Ganguly*, 573 S.W.3d 413, 415–16 & n.4 (Tex. App.—Dallas 2019, no pet.). Several courts have granted en banc reconsideration in cases involving issues of statewide importance that were highly significant to the public or in which the public had a high level of interest. *See, e.g.*, *Rodriguez v. Cuellar*, 143 S.W.3d 251 (Tex. App.—San Antonio 2004, pet. dism'd); *Lawrence v. State*, 41 S.W.3d 349 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), *rev'd*, 539 U.S. 558 (2003); *see also Twigland Fashions, Ltd. v. Miller*, 335 S.W.3d 206, 226 (Tex. App.—Austin 2010, no pet.) (Jones, C.J., concurring in denial of en banc reh'g and opining that "extraordinary circumstance" includes "addressing issues that are highly significant to the public or in which the public has a high level of interest").

HB 2127 has received extensive media coverage and legal analysis. This case also touches on the relationship between statewide law and local, municipal law and could have far-reaching legal and policy ramifications in future cases. Given the continued statewide significance of these issues, I believe it is important that the entire Court hears and decides this

appeal.  Furthermore, with regard to the merits of the Court's opinion, I would conclude that the Plaintiffs have standing to assert their claims that HB 2127 is unconstitutional.

For these reasons, I would grant Plaintiffs' motion for en banc reconsideration, conclude that the Plaintiffs have standing to bring their claims, and proceed to consider the merits of their challenge to HB 2127.  Because the Court does not, I respectfully dissent.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Triana, Kelly, Theofanis, Crump, and Ellis
  Dissenting Opinion to Denial of En Banc Reconsideration

Filed:  May 14, 2026