CONDITIONALLY GRANT and Opinion Filed March 29, 2019



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00147-CV

### IN RE LEONEL MOLINA, Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-05498-A**

## OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

This mandamus proceeding arises from a personal injury lawsuit. Plaintiff and real party in interest Michael Ware alleges that he was injured in a multi-vehicle collision. The defendants designated a responsible third party. The trial court later struck the designation on Ware's motion. Defendant–relator Leonel Molina filed a petition for writ of mandamus asserting in one issue that the trial court abused its discretion by striking the designation.

Because Molina adduced some evidence that the designated responsible third party is, at least in part, potentially responsible for Ware's alleged injuries, we conclude that the trial court clearly abused its discretion by striking the designation. We further conclude that mandamus relief is warranted.

# I.  BACKGROUND

In January 2016, there was a multi-vehicle traffic accident on the northbound side of Interstate 45 in Ellis County.  Shortly before the accident, police officer Christopher Amos conducted a traffic stop of the eventual responsible third party, Babatunde Shabi.  Shabi stopped on the left shoulder.  Amos stopped behind him and directed him to move to the right shoulder.

Molina approached the scene driving in the leftmost lane.  Seeing the police vehicle, he moved one lane to the right.  Then Shabi and Amos crossed the highway in front of Molina at roughly a ninety degree angle.  According to Amos, Shabi's vehicle occupied all three lanes at once.

Molina slowed down.  A semi-trailer truck driven by Pedro Jose Villalta hit the rear of Molina's van.  Then the front right bumper of Villalta's truck hit the driver-side door area of a semi-trailer truck driven by plaintiff Ware.

Ware sued Molina, Villalta, and Villalta's employer for negligently causing personal injuries to him.  The defendants designated Shabi as a responsible third party.

A few months later, Ware filed a motion to strike the responsible third party designation, arguing that defendants had no evidence that Shabi was responsible for the accident.  Molina responded.  The trial court granted the motion to strike.

Molina filed a mandamus petition in this Court challenging the trial court's order granting the motion to strike.

## II.  ANALYSIS

### A.    Mandamus Standard

To obtain mandamus relief, a relator must show that the trial court clearly abused its discretion and that relator has no adequate appellate remedy.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Because the erroneous denial of a motion for leave to designate a responsible third party skews the proceedings, potentially affects the litigation's outcome, and compromises the defense in ways unlikely to be apparent in the appellate record, such an error ordinarily renders the appellate remedy inadequate. *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam). The same problems arise when a trial court erroneously grants a motion to strike a responsible third party designation. Thus, we conclude, the appellate remedy is also ordinarily inadequate when a trial court commits such an error.

## B.    Applicable Law

Texas law allows a tort defendant to designate a person as a "responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). The designation's purpose is to have the responsible third party submitted to the trier of fact as a possible cause of the claimant's harm. *See id*. § 33.003. This may reduce the percentage of responsibility attributed to the defendant, thus ultimately reducing its liability to the claimant. *See id*. § 33.013; *Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied) ("[T]he defendant typically would be the party seeking to retain the RTP in the jury charge to diminish his potential liability and perhaps eliminate any joint and several liability.").

Once a responsible third party has been designated, and after an adequate time for discovery has passed, a party may move to strike the designation "on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." CIV. PRAC. & REM. § 33.004(*l*). "The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id*. Thus, the question for the trial court is whether the defendant produced sufficient evidence, more than a scintilla, for a reasonable jury to find the responsible third party responsible for a portion of the claimant's injury or damages.

*In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.).

The trial court's ruling on a motion to strike presents a legal question. *Ham v. Equity Residential Prop. Mgmt. Servs., Corp.*, 315 S.W.3d 627, 631 (Tex. App.—Dallas 2010, pet. denied). Thus, our review, even under the abuse of discretion mandamus standard, is de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding) ("Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo.").

**C.      Does the evidence raise a genuine fact issue regarding Shabi's responsibility for the accident and Ware's injuries?**

Molina argues as a threshold matter that Ware's motion to strike argued only that there was no evidence that Shabi breached a duty of care and thus didn't attack proximate cause. Ware disputes Molina's contention. For purposes of our analysis, we will assume without deciding that Ware's motion challenged both elements. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (negligence elements are "a duty, a breach of that duty, and damages proximately caused by the breach").

As to the element of breach, Molina needed to produce some evidence that Shabi failed to use ordinary care when he drove straight across three lanes of the highway to reach the right shoulder. *See Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702, 707 (Tex. App.—Dallas 1999, no pet.) ("'Negligence' means doing that which a person of ordinary prudence would not have done . . . under the same or similar circumstances."). In responding to Ware's motion to strike, Molina relied on officer Amos's deposition testimony. Amos testified:

Q.      What happened then [after Shabi stopped on the left shoulder]?

A.      Then I got on the speaker and asked him to move to the right side of the roadway, where he should have moved from the beginning.

–4–

Q. Did he move then to the right-hand shoulder?

A. He did. Yes, sir, yeah. Unfortunately, he took all three lanes at once.

Q. Did he have a turn signal on at the time?

A. I don't believe so, no, sir.

Q. In traveling from the left-hand shoulder to the right-hand shoulder, did he violate any traffic laws?

A. Oh, plenty, yeah. It was an unsafe lane change. There were several violations issued. . . .

. . . .

Q. [W]hy did you cite Mr. Shabi with unsafe lane change?

A. Just the amount of distance and the crossing three lanes caused a traffic accident by what he did. I mean, it's just—there's a safe way to merge over, and that definitely wasn't the correct way to do it, so . . .

Q. And did he signal when he was changing lanes as well?

A. No, he just darted. I mean, literally went from the inside shoulder straight across the highway.

Whether conduct amounts to negligence is generally a question for the factfinder. *See Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, 609 (Tex. 1979). Ware's mandamus response does not argue that there is no evidence that Shabi's conduct was negligent. We hold that a reasonable jury could conclude, based on Amos's testimony, that Shabi's conduct in darting directly across a three-lane highway to get from the left shoulder to the right shoulder was negligent, i.e., something an ordinarily prudent person would not have done under the same or similar circumstances.

Next we consider whether Molina adduced some evidence that Shabi's conduct proximately caused the accident. Proximate cause has two sub-elements—cause in fact and foreseeability. *Id*. at 551. Negligence is a cause in fact of an injury if (i) the injury would not have occurred without the negligence and (ii) the negligence is a substantial factor in causing the injury.

*Miller v. Lone Star HMA, L.P.*, No. 05-17-00954-CV, 2018 WL 3991191, at \*2 (Tex. App.—Dallas Aug. 21, 2018, pet. denied) (mem. op.).

Molina argues that Amos's deposition testimony was some evidence of proximate cause:

Q.    [W]hy did you cite Mr. Shabi with unsafe lane change?

A.    Just the amount of distance and the crossing three lanes caused a traffic accident by what he did. . . .

. . . .

Q.    And it's your opinion, as you sit here today, that the Volvo [Shabi's vehicle] caused this wreck?

[Objection omitted.]

A.    I believe that, yes, because of what the Volvo did, I believe that the van in the center lane [Molina's vehicle] began to slow down. Unit No. 2 [Villalta's truck] struck the rear of him because he couldn't tell what was going on and got tangled up with [Ware's] truck in the right lane.

Ware responds that this testimony is no evidence of proximate causation because (i) it is merely Amos's speculation about why Villalta rear-ended Molina and (ii) although Amos's initial crash report blamed Shabi for the accident, the final version of the crash report did not refer to Shabi at all.

We agree with Molina. The question is whether the accident would not have happened had Shabi not darted almost directly across the highway to reach the right shoulder, simultaneously occupying all three lanes. Based on Amos's testimony, a reasonable juror could conclude that but for Shabi's conduct, Molina would not have slowed down and Villalta's truck would not have hit Molina's van and then Ware's truck.

Even if Amos's testimony about the subjective reason Villalta hit Molina—"because he couldn't tell what was going on"—was speculation, his remaining testimony that Shabi's driving caused Molina to slow down and Villalta to hit Molina was not speculative but rather was rationally based on Amos's perception as an eyewitness. *See Dodson v. Munoz*, No. 04-17-00409-CV, 2018

–6–

WL 3747748, at *6–7 (Tex. App.—San Antonio Aug. 8, 2018, no pet.) (mem. op.) (eyewitness opinion testimony about who was responsible for traffic collision was admissible).

As for Ware's argument that the final version of Amos's accident report, unlike his initial report, did not mention Shabi's driving as a cause of the accident, we conclude that any discrepancy in the evidence did not deprive Molina's evidence of probative value. Any conflict in the evidence is for the jury to consider. *Cf. Byrd v. Delasancha*, 195 S.W.3d 834, 837 (Tex. App.—Dallas 2006, no pet.) ("If there is any conflicting evidence of probative value on any theory of recovery, a directed verdict is improper and the case must be remanded for the jury to determine that issue.").

Like negligence, proximate cause is ordinarily a fact question for the jury. *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied). We conclude that Molina's evidence amounted to some evidence, more than a scintilla, that Shabi's conduct was a proximate cause of this accident and Ware's injuries.[1]

In response to the dissent, we disagree that Shabi's conduct merely furnished a condition that made the accident possible. This situation generally arises when the forces that a person's negligence has set into motion have come to rest and then some new catalyst causes an injury. *See, e.g.*, *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995) (where fire had been extinguished two hours earlier and a person slipped and fell on a wet pipe rack, any negligence in causing the fire merely furnished the condition that caused the slip and fall), *abrogated in part on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 45–46 (Tex. 2007). Here, according to Amos's testimony, Shabi's conduct almost immediately caused the traffic accident.

---

[1] Here it is evident that if Shabi's darting directly across the highway caused Molina to slow down, which in turn caused Villalta to hit Molina and Ware, Shabi's conduct was a substantial factor in causing the accident and the accident was a foreseeable consequence of that conduct. *See Rogers v. Zanetti*, 518 S.W.3d 394, 402 (Tex. 2017) (substantial factor requirement is met if "the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause") (internal quotations and citation omitted); *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223–24 (Tex. 1988) ("[F]oreseeability does not require that the actor foresee the particular accident or injury which in fact occurs [or] just how the injury will grow out of a particular dangerous situation."). In most cases, like this one, the fact that the negligent act was a substantial factor in causing the injury is easy to see, and the substantial factor component is rarely discussed. *Miller*, 2018 WL 3991191, at *3.

Molina's testimony that he had time to slow down and avoid hitting Amos does not defeat causation.[2] In fact, he apparently didn't hit Shabi or Amos. The problem is that Shabi's conduct forced Molina to slow down, in turn causing Villalta to hit first Molina and then Ware. So Molina didn't testify that Shabi's conduct wasn't a factor in causing the accident—he testified only that he had time to avoid hitting Amos.

The dissent argues that the trial court is the sole judge of witness credibility. That is true only when the court is sitting as the factfinder, which is not the case here. Whether Molina put on more than a scintilla of evidence of causation is a question of law, not fact. If there was more than a scintilla of evidence, the trial court was bound to deny the motion.

Similarly, the dissent argues that under the abuse of discretion standard close calls should go to the trial court. But as we have stated above, this case actually presents a question requiring de novo review. If there is more than a scintilla of evidence of causation, the trial court erred and abused its discretion, no matter how close the question may be.

Because Molina adduced sufficient evidence to raise a genuine fact issue regarding Shabi's negligence and proximate cause, the trial court clearly abused its discretion by granting Ware's motion to strike Shabi's designation as a responsible third party. And Molina's appellate remedy is inadequate. *See In re Coppola*, 535 S.W.3d at 509–10. Accordingly, we sustain Molina's issue.

### III. CONCLUSION

We conditionally grant Molina's petition for writ of mandamus and direct the trial court to vacate its October 19, 2018 order on plaintiff's motion to strike responsible third party designation.

---

[2] Ware purported to quote Molina's deposition in his motion to strike, but the record evidence actually doesn't include that part of Molina's deposition.

The writ of mandamus will issue only if the court fails to do so.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

Partida-Kipness, J., dissenting

190147F.P05