**Denied and Opinion Filed January 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01171-CV

### IN RE EAGLERIDGE OPERATING, LLC, RELATOR

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05402**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Relator Eagleridge Operating, LLC filed a petition for writ of mandamus in which it asks this Court to command respondent, the 192nd Judicial District Court of Dallas County, to vacate its order striking Eagleridge's designation of Aruba Petroleum, Inc. as a responsible third party. Based on the Texas Supreme Court's decision in *Occidental Chemical Corp. v. Jenkins*, we hold that respondent did not abuse its discretion in striking Eagleridge's designation. *See* 478 S.W.3d 640 (Tex. 2016). We therefore deny relator's petition.

### BACKGROUND

The underlying lawsuit arose out of a gas line rupture on August 24, 2017, at the Donnell 2H well facility near Bridgeport, Texas. Previously, USG Properties Barnett II, LLC was a majority interest owner in the facility, and Aruba owned a minority interest. USG also retained Aruba to serve as the facility's contract operator. However, effective May 1, 2017, Aruba sold its ownership interest to USG, and Eagleridge took over as USG's contract operator at the site. Thus,

Aruba was neither an owner nor a contract operator of the facility on the date of the subject incident.

The gas line rupture injured Earmon Lovern, who at the time was working at the Donnell facility. Lovern and three members of his family sued Eagleridge and USG. The Loverns alleged claims for negligence and gross negligence, among others. Their negligence claim included allegations that the defendants: (i) "creat[ed] an unsafe work environment for individuals on the premises"; (ii) "fail[ed] to provide suitable protection for individuals on the premises controlled by Defendants"; and (iii) "fail[ed] to provide suitable safe equipment and pipelines on the premises." *See Occidental*, 478 S.W.3d at 644 ("Although premises liability is itself a branch of negligence law, it is a special form with different elements that define a property owner or occupant's duty with respect to those who enter the property." (citation and internal quotation marks omitted)).

Eagleridge designated Aruba as a responsible third party. The Loverns then filed a motion to strike and summary judgment (referred to hereinafter as the "motion to strike") as to Eagleridge's designation of Aruba. Following a hearing, the district court granted the Loverns' motion to strike. Eagleridge then filed this petition for writ of mandamus.

**ANALYSIS**

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review its legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *In re Molina*, 575 S.W.3d 76, 80 (Tex. App.—Dallas 2019, orig. proceeding).

The Loverns based their motion to strike on the supreme court's decision in *Occidental*. The property owner in that case, Occidental Chemical Corporation, added an acid-addition system to its plant in 1992. *Occidental*, 478 S.W.3d at 642. In 1998, Occidental sold the plant to Equistar Chemicals, L.P. *Id.* at 643. In 2006, Jason Jenkins, an employee of Equistar, was injured when one of the system's valves expelled acid into his face, injuring his eyes. *Id.* Jenkins sued Occidental, among others, alleging that its negligent design of the acid-addition system caused his injuries. *Id.* Following a jury trial, the trial court rendered judgment that Jenkins take nothing, concluding that the verdict supported at least one of Occidental's statute-of-repose defenses. *Id.*

Our sister court of appeals disagreed, reasoning that the verdict did not support either of Occidental's repose defenses. *Id.* Apart from repose, the court analyzed Occidental's duty as two-pronged: (i) its duty as the owner of the property on which the dangerous condition existed, and (ii) its duty as the creator or designer of the dangerous condition on the property. *Id.* at 644. Although Occidental was no longer responsible for the property's dangerous condition as owner, under the court's dual-role analysis, Occidental remained responsible as a creator or designer. *Id.* at 644–45. Accordingly, the court of appeals reversed and remanded for the trial court to render judgment for Jenkins on the jury's liability and damages findings. *Id.* at 644.

The supreme court reversed the court of appeals' judgment and rendered judgment that Jenkins take nothing. *Id.* at 642. The supreme court noted that, depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. *Id.* at 644. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. *Id.* Under these principles, a property owner's duty to make the premises safe for invitees or to warn of dangerous conditions generally runs with the ownership or control of the property. *Id.* In other words, upon a sale of the property, this duty passes to the new owner, and the seller is not ordinarily liable for injuries to the

buyer or to third persons caused by a pre-existing dangerous condition after the buyer takes possession. *Id.* (citing, inter alia, RESTATEMENT (SECOND) OF TORTS §§ 351–54 (1965)).

Notwithstanding the foregoing principles, Jenkins cited prior supreme court precedent, which held that an independent contractor could be liable in negligence for creating a dangerous condition on property even after relinquishing control of the property. *Id.* at 645 (discussing *Strakos v. Gehring*, 360 S.W.2d 787, 790 (Tex. 1962)); *see also* RESTATEMENT (SECOND) OF TORTS § 385 (1965) (providing that "[o]ne who on behalf of the possessor of land" creates a dangerous condition while making improvements to such land is subject to liability, after its work has been accepted by the possessor, "under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others"). Based on this precedent, Jenkins urged that the court of appeals' dual-role analysis merely applied the supreme court's decision in *Strakos*. *Id.* at 645.

The *Occidental* court was not persuaded that the foregoing authorities supported Jenkins's position. Specifically, "*Strakos* speaks only to the actions of third parties," and "section 385 concerns only the liability of independent contractors and other third parties who create dangerous conditions while making improvements 'on behalf of' property owners." *Id.* at 646. The supreme court observed that no Texas case supported the court of appeals' dual-role analysis and that "the weight of authority elsewhere rejects the notion that a property owner acts in multiple capacities when making an improvement to its property." *Id.* at 647–48. The court "similarly reject[ed] the notion that a property owner acts as both owner and independent contractor when improving its own property, subjecting itself to either premises-liability or ordinary-negligence principles depending on the injured party's pleadings." *Id.* at 648. It instead held that (i) "premises-liability principles apply to a property owner who creates a dangerous condition on its property," and

–4–

(ii) "the claim of a person injured by the condition remains a premises-liability claim as to the owner-creator, regardless of how the injured party chooses to plead it." *Id.* at 648.

In this case, the dissent attempts to distinguish *Occidental* on the basis that Aruba performed the work at issue in its capacity as an independent contractor for USG, not in its capacity as an owner. In our view, this purported distinction flies in the face of the supreme court's holding in *Occidental*. In light of the *Occidental* court's rejection of a "dual-role analysis," we conclude that Aruba, a co-owner of the Donnell facility at the time it made the subject improvements, acted solely in its capacity as an owner of the property. *See id.* at 647–48. In short, the Loverns' claim against Aruba was a premises-liability claim. Aruba's duty under premises-liability principles passed to the new owner of Aruba's interest in the Donnell facility, USG, upon Aruba's sale of its interest prior to the subject incident. *See id.* at 644. Accordingly, the district court did not abuse its discretion by striking Eagleridge's designation of Aruba as a responsible third party.

## CONCLUSION

We deny Eagleridge's petition for writ of mandamus.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

Whitehill, J., dissenting

191171f.p05