**CONDITIONALLY GRANT and Opinion Filed April 28, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00205-CV**
_____

**IN RE BYRON CURTIS COOK,**
**TRADE RARE, L.L.C., AND JOEL HOCHBERG, Relators**

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-04885-2016**

## EN BANC OPINION

Before the En Banc Court[1]
Opinion by Justice Osborne

On relators' motion for rehearing en banc, we withdraw our opinion dated July 21, 2020, and vacate the order of that date. This is now the opinion of the Court.

Relators seek mandamus relief because the trial court denied their motion to designate a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004. Sitting en banc, we conclude that relators have met both the standard for mandamus relief and the standard for designating a responsible third party. Accordingly, we conditionally grant relators' petition for writ of mandamus.

---

[1] Myers, J., not participating.

## THE SEALED RECORD

Two documents—relators' motion to designate a responsible third party and real party's operative petition—control our decision in this proceeding. *See In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.) (standards of review for ruling on motion to designate responsible third party). But both of these documents, all briefing, and the entire mandamus record have been filed under seal.[2] This "presents an unusual problem" because this Court must issue a public opinion advising the parties of our decision and the basic reasons for it. *Kartsotis v. Bloch*, 503 S.W.3d 506, 510 (Tex. App.—Dallas 2016, pet. denied); TEX. R. APP. P. 52.8(d), 47.1, 47.3; TEX. GOV'T CODE § 552.022(a)(12).

Our decision in this proceeding turns on whether relators "plead[ed] sufficient facts" to support their motion to designate, and we cannot fulfill our responsibilities as a court of record without mentioning certain "facts concerning the alleged responsibility" of the third party relators seek to designate. *See* TEX. CIV. PRAC. & REM. CODE §§ 33.004(g)(1), 33.011(6); *Greyhound Lines, Inc.*, 2014 WL 1022329,

---

[2] The trial court has not issued a rule 76a sealing order in this case. *See* TEX. R. CIV. P. 76a (standards and procedures for sealing court records). Instead, in this case and related proceedings involving the same parties, the parties and the courts have operated under a May 16, 2019 amended protective order addressing the use of non-party W. Kenneth Paxton, Jr.'s deposition testimony. At the parties' request, and in accordance with appellate procedure rule 9.2(c)(3), this Court and the Texas Supreme Court have permitted all filings to be made under seal. *See* TEX. R. APP. P. 9.2(c)(3); *In re Cook*, No. 05-19-01283-CV, 2020 WL 2552881, at *1 n.2 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mandamus conditionally granted); *In re Calco Land Dev., LLC*, No. 20-0583 (Tex., orders of Aug. 17, 2020, Oct. 20, 2020, Nov. 20, 2020, and Feb. 11, 2021).

at *2; *Kartsotis*, 503 S.W.3d at 510 ("[W]e must hand down a public opinion explaining our decisions based on the record. . . . This we cannot do without mentioning the key documents and certain specific facts."). Accordingly, similar to our approach in a previous original proceeding in the same case, *In re Cook*, No. 05-19-01283-CV, 2020 WL 2552881, at *1 n.2 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mandamus conditionally granted) ("*Cook I*"), we have "strived to preserve the confidentiality of the materials we believe the parties intended to be confidential[,] . . . avoid[ing] reference to those materials where possible and making some references deliberately vague."[3]

## BACKGROUND

As we explained in *Cook I*, the underlying lawsuit was filed against relators and four others in 2016. *See id.* at *1. Plaintiff, a limited liability company, alleged securities fraud and related claims in connection with a mineral acreage purchase transaction facilitated by defendant Unity Resources, L.L.C. ("Unity"). *Id.* Plaintiff contended the mineral acreage interests it purchased met the Texas Securities Act's definition of "securities"[4] and thus it was owed heightened disclosure duties and other obligations not otherwise applicable. *Id.* According to plaintiff, Unity failed to

---

[3] The trial court plaintiff, who is the real party in both *Cook I* and in this proceeding, has sought mandamus relief in the supreme court regarding our ruling in *Cook I*. The supreme court has issued four orders granting motions to seal each filing in that proceeding, as cited in the previous footnote. Given the supreme court's rulings, we follow our *Cook I* approach to confidentiality here.

[4] The trial court granted plaintiff's motion for partial summary judgment on October 28, 2019, ruling that "the mineral interest sold in this case is a security."

make required disclosures and received undisclosed profits at the expense of plaintiff and other investors by engaging in self-dealing by and through its managers and related entities. *Id.*

Relators filed a motion for leave to designate Ken Paxton ("the non-party") as a responsible third party, alleging that the non-party knew about, reviewed, and approved the conduct complained of in plaintiff's petition. *See id.* Relators alleged that the non-party "served as counsel to and a manager and member" of Unity from 2008 through 2014 and "exercised control over the operations of Unity in general." They contended that the non-party "advised Unity on securities regulation compliance and corporate governance issues, specifically including the propriety of and disclosures regarding interested-party transactions between Unity and affiliate entities controlled by Unity's managers" but "demonstrated a lack of diligence and competence" in giving that advice. Relators alleged the non-party "structured" the complained-of scheme "[i]n his dual roles as counsel and manager for Unity." Relators also asserted that the non-party "specifically advised Unity about the adequacy of its disclosures" for the type of transactions at issue. Relators detailed other conduct of the non-party, alleging "negligence and other violations of applicable standards" including legal malpractice, breach of fiduciary duties, violations of the Texas Securities Act, and fraud by nondisclosure. Relators concluded that the non-party "therefore caused or contributed to causing the harm for which [plaintiff] seeks recovery."

In an order dated December 16, 2019, the trial court denied relators' motion for leave to designate the non-party as a responsible third party. The trial court ruled that the motion "is fully and finally DENIED" because "Defendants have already once been given leave to replead facts providing fair notice of the basis for [the non-party's] liability to Plaintiff" after a previous denial. Relators now seek mandamus relief, asking this Court to direct the trial court to grant the motion to designate.

**APPLICABLE STANDARDS**

To designate a responsible third party, "notice pleading under the Texas Rules of Civil Procedure" is required. *Greyhound Lines, Inc.*, 2014 WL 1022329, at *2. To obtain mandamus relief, relators must show the trial court clearly abused its discretion and that relators have no adequate appellate remedy. *In re Molina*, 575 S.W.3d 76, 79 (Tex. App.—Dallas 2019, orig. proceeding). En banc consideration of a case is not favored but may be ordered when necessary to maintain uniformity of the Court's decisions. TEX. R. APP. P. 41.2(c); *Chakrabarty v. Ganguly*, 573 S.W.3d 413, 415–16 (Tex. App.—Dallas 2019, no pet.) (en banc) ("We will rehear a case en banc where it is necessary to secure uniformity of the Court's decisions and in other extraordinary circumstances, as we deem necessary.").

**DISCUSSION**

**1.    Designation of responsible third party**

First, we conclude that relators have met the pleading requirements for designating a responsible third party under Chapter 33. *See generally* TEX. CIV.

–5–

PRAC. & REM. CODE § 33.004 (Designation of Responsible Third Party); *id.* § 33.011(6) (defining "responsible third party"). "The pleading requirements for designating a responsible third party at the outset of a case are not stringent." *Greyhound Lines, Inc.*, 2014 WL 1022329, at *2.

Despite the voluminous mandamus record the parties have submitted, the only relief relators request or may obtain at this stage—the pleading stage—is to designate the non-party as a responsible third party. Questions regarding the non-party's liability for damages, his inclusion in the jury charge, or the propriety of summary judgment are not before us. The operative petition and the motion to designate control the inquiry. *See id.*

Chapter 33 defines "responsible third party" as "any person who is *alleged* to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6) (emphasis added). In *Greyhound Lines, Inc.*, we explained that Chapter 33 "provides a framework for apportioning percentages of responsibility in the calculation of damages in any case in which more than one person, including the plaintiff, is alleged to have caused or contributed to cause the harm for which recovery of damages is sought." *Greyhound Lines, Inc.*, 2014 WL 1022329, at *1. "The statute's purpose is to hold each party responsible only for the party's own conduct causing injury." *Id.*

"At the pleading stage, the proportionate responsibility statute requires that the defendant seeking to designate a responsible third party 'plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement[s] of the Texas Rules of Civil Procedure.'" *Id.* at *2 (quoting TEX. CIV. PRAC. & REM. CODE § 33.004(g)(2)). The rules of civil procedure require "notice pleading." *Id.* "Under Texas' standards of notice pleading, the 'fair notice' standard for pleading is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant." *Id.*

Plaintiff has pleaded that it is the victim of securities fraud. It has asserted claims against seven defendants including the three relators for fraud, fraud by nondisclosure, fraud in a real estate transaction, breach of fiduciary duty, aiding and abetting breaches of fiduciary duty and fraud, fraudulent transfer, and two causes of action under the Texas Securities Act. Plaintiff also alleges conspiracy and seeks to pierce the corporate veil of the defendant entities. Plaintiff has also pleaded for actual and exemplary damages and rescission.

Relators, in turn, allege that the non-party, in his roles as manager, member, and counsel to defendant Unity, contributed to plaintiff's harm by:

- setting up and approving the business practices of Unity that plaintiff alleges were fraudulent,

- failing to "diligently and competently counsel Unity and Cook about compliance with securities regulation and corporate governance duties,

specifically including the propriety of and disclosures regarding interested-party transactions and direct sales of mineral acreage" such as the purchase from which plaintiff's claims arise,

- failing to advise plaintiff's principal about interested party transactions between Unity, Cook, and Unity's other managers and members, including transactions involving "the land banking of mineral acreage for subsequent purchase by Unity's funds," and

- disclosing Unity's privileged and confidential information to plaintiff but not to Unity's own counsel, impairing relators' ability to develop their defenses.

In these ways and others, relators allege, the non-party "caused or contributed to causing" the harm for which plaintiff seeks damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6).

Plaintiff responds that "[t]he Mandamus Record makes clear that [the non-party] had no involvement in the scheme for which [plaintiff] seeks redress." Citing deposition testimony, plaintiff argues that the non-party lacked knowledge of the alleged fraudulent scheme. Plaintiff argues it was harmed by that scheme, not by any conduct of the non-party. Plaintiff also argues that the non-party "could not be liable for any act of legal malpractice" because he made decisions "'which a reasonably prudent attorney *could* make in the same or similar circumstance,'" quoting *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989). And plaintiff argues that proportionate responsibility does not apply to claims under the Texas Securities Act.

But at this stage, "the trial court is restricted to evaluating the sufficiency of the facts pleaded by relators and is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the third party's ultimate liability."

–8–

*Greyhound Lines, Inc.*, 2014 WL 1022329, at *2. And as the supreme court has explained, although Chapter 33 "initially equated responsibility with liability to the plaintiff or claimant, this is no longer the case." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009). "Thus, a defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Id.* at 868–69; *see also In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787 (Tex. 2020) (per curiam) (orig. proceeding) (quoting this language from *Galbraith* and concluding that "under the proportionate-responsibility statute, 'responsibility' is not equated with 'liability'"). "Chapter 33 then is apparently unconcerned with the substantive defenses of responsible third parties, who are defined to include 'any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . .'" *Galbraith*, 290 S.W.3d at 869 (quoting TEX. CIV. PRAC. & REM. CODE § 33.011(6)).

Further, even if plaintiff is correct that Chapter 33's apportionment scheme does not apply to some of its claims, *see, e.g.*, *Pierre v. Swearingen*, 331 S.W.3d 150, 154–55 (Tex. App.—Dallas 2011, no pet.) (trial court was not required to determine percentage liability of defendant whose liability was "purely derivative"), it does apply to others. *See Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 292, 299 (Tex. App.—Dallas 2013, no pet.) (noting that Chapter 33 applies to "any cause of action based on tort," including claims for negligence, fraud, and "any other

conduct that violates an applicable legal standard," although concluding it did not apply to claim under uniform fraudulent transfer act). Chapter 33 expressly applies to "any cause of action based in tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM. CODE § 33.002(a)(1). Plaintiff's pleading includes causes of action based in tort.

Whether there is sufficient evidence to establish—or even to raise a genuine issue of material fact about—the non-party's liability is not the standard. That inquiry may be made by motion for summary judgment, motion to strike the designation, or objection to the non-party's inclusion in the jury charge, among other challenges permitted by the rules. *See Greyhound Lines, Inc.*, 2014 WL 1022329, at *2. Accordingly, we express no opinion on whether there is sufficient evidence to establish—or to raise a fact issue on—the non-party's liability.

Instead, at this point in the proceedings, the sole question is the sufficiency of the movant's pleading. And the standard by which that question is resolved is "fair notice." *See id.*; *see also* TEX. R. CIV. P. 47(a) (claim for relief "shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved"). We conclude that relators have given fair notice of their allegations that the non-party "caused or contributed to causing . . . the harm for which recovery of damages is sought." *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6). Because they have done so, we conclude the trial court abused its discretion by denying their

motion for leave to designate the non-party as a responsible third party under civil practice and remedies code section 33.004. *See id.* § 33.004(g) (trial court "shall grant leave to designate" unless objecting party establishes that defendant failed to satisfy civil procedure rules' pleading requirements).

## 2. Mandamus relief

Next, we conclude that mandamus relief is warranted. As this Court explained in *Molina*, "[b]ecause the erroneous denial of a motion for leave to designate a responsible third party skews the proceedings, potentially affects the litigation's outcome, and compromises the defense in ways unlikely to be apparent in the appellate record, such an error ordinarily renders the appellate remedy inadequate." *Molina*, 575 S.W.3d at 79 (citing *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam)).

Plaintiff argues that "the granting of a mandamus petition should be made on a case by case basis considering the circumstances presented," citing *In re Prudential Insurance Co.*, 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding). Plaintiff contends relators "simply provided no circumstances establishing the inadequacy of an appellate remedy." But in *Coppola*, the supreme court considered and expressly cited *Prudential* in reaching its conclusion that "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion":

–11–

In *Prudential*, we explained that "adequate" is merely "a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts" and an "adequate" appellate remedy exists when "any benefits to mandamus review are outweighed by the detriments." 148 S.W.3d at 136. In weighing the benefits of mandamus review, we conclude, consistent with the weight of appellate authority, that the benefits generally outweigh the detriments. . . . The denial of mandamus review impairs—and potentially denies—a litigant's significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties.

*Coppola*, 535 S.W.3d at 509–10. Here, the trial court's ruling potentially denies relators this "significant and substantive right" to have a fact finder determine proportionate responsibility. *See id.* As we have discussed, relators' pleading is sufficient to designate the non-party as a responsible third party. Consequently, we conclude they have met their burden at this stage of the proceedings to establish the lack of an adequate remedy by appeal. *See Molina*, 575 S.W.3d at 79.

### 3. En banc review

Last, we conclude that en banc review is necessary to maintain uniformity of the Court's decisions regarding the standards for obtaining leave to designate responsible third parties and the availability of mandamus relief when a trial court has denied leave. *See* TEX. R. APP. P. 41.2(c) (standards for en banc consideration); TEX. CIV. PRAC. & REM. CODE § 33.004(f), (g) (standards for granting leave to designate responsible third parties); *Greyhound Lines, Inc.*, 2014 WL 1022329, at *3 (standard for mandamus relief). As we explained in *Chakrabarty*, "[t]he standard set forth in Rule 41 is sufficiently broad to afford the Court the discretion to consider

–12–

a case en banc if the circumstances require and the court votes to do so." *Chakrabarty*, 573 S.W.3d at 416 n.4 (internal quotation omitted).

In *Greyhound Lines, Inc.*, we explained that "[t]he standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure," and is satisfied "if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant." *Greyhound Lines, Inc.*, 2014 WL 1022329, at *2. And in *Greyhound Lines, Inc.* and *Molina*, we concluded that mandamus relief was warranted because the erroneous denial of a motion for leave to designate "ordinarily renders the appellate remedy inadequate." *Molina*, 575 S.W.3d at 79; *see also Greyhound Lines, Inc.*, 2014 WL 1022329, at *4.

We conclude that the panel opinion's departure from these standards in this case necessitates en banc consideration. *See* TEX. R. APP. P. 41.2(c). "While en banc reconsideration is disfavored under the rule, we deem it appropriate here." *Chakrabarty*, 573 S.W.3d at 416 n.4.

## CONCLUSION

We conclude the trial court abused its discretion in denying relators' motion to designate a responsible third party and there is no adequate remedy at law. Accordingly, we conditionally grant relators' petition for a writ of mandamus and direct the trial court to enter an order granting relators' motion to designate Ken

Paxton as a responsible third party. We are confident the trial court will comply with this order; a writ will issue only if it does not.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Schenck, J. dissenting; Smith, J. concurring.

200205F.P05