**Conditionally Grant and Opinion Filed August 31, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00314-CV

## IN RE SCOTT PELLEY, P.C., SCOTT PELLEY, AND THE PELLEY FAMILY LIMITED PARTNERSHIP, Relators

**Original Proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-11-1026**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Scott Pelley, P.C., Scott Pelley, and the Pelley Family Limited Partnership

seek a writ of mandamus ordering the trial court to rule on a motion concerning a

$400,000 supersedeas deposit filed by the real parties in interest Michael Wynne,

John Smith, and the M & S Wynne Family Limited Partnership. The trial court

informed the parties it did not have jurisdiction to rule on the motion. We conclude

the court had jurisdiction and therefore abused its discretion by failing to rule on the

motion. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

The underlying case concerned the breakup of a law firm including relator Scott Pelley and real parties in interest Michael Wynne and John Smith. The lawsuit included a claim for partition and sale of an office building owned by the Pelley Family Limited Partnership and the M & S Wynne Family Limited Partnership as well as contract and tort claims associated with the winding up of the law firm. On August 31, 2015, the trial court ordered the partition and sale of the building. On September 14, 2015, Real Parties filed a notice of appeal of that order and asked the trial court to set a supersedeas amount pursuant to Texas Rule of Appellate Procedure 24.2(a)(2)(A) (supersedeas amount of at least "the value of the property interest's rent or revenue, if the property is real"). The trial court set the supersedeas amount at $400,000, and Real Parties made a cash deposit in that amount.

On October 7, 2015, the trial court signed a final judgment on the contract and tort claims that was mostly in favor of Real Parties, and which included an order for the parties to sell the building. Relators filed a notice of appeal from that judgment. The trial court set a separate supersedeas amount for Relators' appeal of the contract and tort claims, and Relators made a cash deposit for the supersedeas. We consolidated the two appeals.

Although Real Parties had filed a notice of appeal from the order of partition and sale of the building, they did not bring any arguments on appeal concerning the partition and sale of the building. Instead, Relators argued the trial court did not

have jurisdiction to render the orders concerning partition and sale of the building. We concluded the trial court had jurisdiction, and we "express[ed] no opinion as to the merits of the partition judgment." *Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at \*27 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.). We affirmed the trial court's judgment regarding the parties' contract and tort claims. *Id.* at \*33. We also sustained Real Parties' cross-issue regarding appellate attorney's fees, and we remanded the case to the trial court for determination of Real Parties' attorney's fees. *Id.* Our judgment ordered that Real Parties recover their costs and the full amount of the trial court's judgment from Relators and the supersedeas cash deposit filed by Relators. After the supreme court denied Relators' petition for review, we issued our mandate on February 27, 2018.

A month later, on March 26, 2018, Relators filed in this Court a motion for supplemental mandate requesting that we order the release of the $400,000 supersedeas deposit to them. On April 9, 2018, before we ruled on the motion for supplemental mandate, Relators filed in the trial court a motion for the trial court to release the $400,000 supersedeas deposit to them.[1]

Also on April 9, 2018, the trial court held a hearing on the issues remanded to the court. The trial court awarded Real Parties their appellate attorney's fees and their overhead expenses. Also during the hearing, the parties discussed the $400,000

---

[1] The text of this motion is not in the record, but it is listed on a docket sheet in the record, and the parties discussed the motion during the April 9, 2018 hearing in the trial court on the remanded issues.

supersedeas deposit. Relators told the court, "Now, just so the Court knows, we have filed a motion with the Court of Appeals to issue a supplemental mandate, so we're not asking Your Honor to rule today that we're right." The parties and the court then discussed the fact that the clerk had released the $400,000 supersedeas deposit to Real Parties at Wynne's request and without the trial court's authorization.[2] Relators told the court, "[W]e believe . . . the 400,000 should be redeposited with the clerk until we receive some response from the Court of Appeals with respect to a supplemental mandate." The trial court stated, "On the issue of the supersedeas bond, the Court is making no ruling at this time. I'll see what the Court of Appeals educates me on that, what they want to do." The trial court signed an order on the remanded issues and ordered the building be sold within thirty days, but the court made no ruling concerning Real Parties' $400,000 supersedeas deposit.

On April 19, 2018, ten days after the trial court hearing, we issued an order denying the motion for supplemental mandate. Our order also stated the denial was "without prejudice to any party seeking relief from the trial court respecting the Wynne parties' cash deposit."

After our order denying the supplemental mandate, Relators took no action on the $400,000 supersedeas for a year and a half. Instead, Relators appealed the trial

---

[2] Real Parties' attorney explained to the trial court that Wynne had borrowed the $400,000 "and wanted to get it back so he could stop paying interest on it." The trial court responded, "I guess that explains why I got a copy of an order, which I did not sign, from the clerk's office trying to cover themselves . . . ."

court's April 9, 2018 order on remand. *See Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694 (Tex. App.—Dallas 2019, no pet.). We affirmed the award of appellate attorney's fees, but we rendered judgment deleting the award of overhead expenses as unauthorized by our mandate. *Id.* at 705, 706.

On October 25, 2019, Relators filed the motion at issue, their "Request for Order to Return $400,000 Deposit in Lieu of Bond Wrongfully Distributed by the District Clerk and Motion for Entry of Amended Judgment for Damages." The motion asked that the trial court order Real Parties to return the $400,000 to the court's registry and that the trial court distribute $155,919.35 of the funds to Relators as their damages during the appeal of the partition-and-sale order before releasing the balance of the $400,000 to Real Parties. A year later, on November 2, 2020, Real Parties filed a response to the motion asserting that the trial court's plenary power to rule on the motion had expired, so the trial court lacked jurisdiction. On December 10, 2020, the trial court, through the clerk, sent the parties an e-mail stating, "I find I have no jurisdiction on Pelley's request . . . ." Relators then filed the petition for writ of mandamus before this Court asking that we order the trial court to rule on the motion and order the trial court to enter an amended judgment for Relators for $119,255.32 for losses and damages resulting from Real Parties' appeal of the order for partition and sale of the office building. [3]

---

[3] Although Relators sought $155,919.35 in the October 25, 2019 motion, they seek $119,255.32 in their petition for writ of mandamus. Relators explain that the higher number included the overhead expenses

–5–

## STANDARD OF REVIEW

To obtain mandamus relief, Relators must show the trial court clearly abused its discretion and they have no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) orig. proceeding); *In re Molina*, 575 S.W.3d 76, 79 (Tex. App.—Dallas 2019, orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's legal conclusions with limited deference. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To be entitled to mandamus relief, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding).

"When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and

---

awarded by the trial court to Real Parties. After our judgment struck the damages for overhead expenses, Relators removed that amount from the damages they seek, leaving $119,255.32.

–6–

mandamus may issue to compel the trial judge to act." *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (internal quotation marks omitted).

## ANALYSIS

In this case, the trial court determined it lacked jurisdiction to rule on Relators' motion.[4] We must determine whether that determination was an abuse of discretion.

Relators' motion asked the trial court (1) to order Real Parties to redeposit the $400,000 into the court's registry as supersedeas funds and (2) to award Relators their damages of $119,255.32 resulting from Real Parties' appeal of the partition-and-sale order to be paid out of the $400,000 supersedeas deposit. Relators' petition for mandamus seeks an order for the trial court to rule on the motion and to order Real Parties to redeposit the $400,000 into the registry of the court and for the trial court to sign an amended judgment awarding Relators $119,255.32 to be paid from the $400,000 deposit. Therefore, we must determine whether the trial court abused its discretion by determining it had no jurisdiction in December 2020 to rule on Relators' October 25, 2019 motion and whether it is appropriate for this Court to tell the trial court how it should rule on the motion. We conclude the trial court abused

---

[4] The trial court's decision was communicated to the parties in an e-mail and not a formal order. An e-mail is sufficient to support a mandamus proceeding when it is sufficiently clear and direct. *See In re Yamaha Golf-Car Co.*, No. 05-19-00292-CV, 2019 WL 1512578, at *2 (Tex. App.—Dallas Apr. 8, 2019, orig. proceeding) (mem. op.). In this case, the trial court, in an e-mail, instructed the clerk: "Please notify counsel that I find I have no jurisdiction on Pelley's Request . . . ." This statement was sufficiently clear and direct to support a mandamus proceeding that the trial court refused to rule on the request because of a legal conclusion that the court lacked jurisdiction.

its discretion by determining it lacked jurisdiction to rule on the motion, but we decline to tell the trial court how it should rule on the motion.

Real Parties argue the trial court had no subject-matter jurisdiction to rule on the motion because the court's plenary power over the case had expired. A trial court's period of plenary power limits the time in which it can respond to most motions concerning a case. A trial court's plenary power extends for 30 days after the court signs the final judgment but can continue for up to 105 days after the final judgment if a party files certain postjudgment motions that are overruled by operation of law. *See* TEX. R. CIV. P. 329b.

Real Parties assert that the final judgment did not provide for damages to be awarded to Relators for postjudgment damages incurred during the appeal. A judgment is final if it disposes of all pending parties and claims in the record. *See Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). If the judgment had provided for unspecified damages to be determined at a later date, then the judgment would not have disposed of all claims and would not have been final. Moreover, the right to damages during an appeal is not something that would ordinarily be in a final judgment because that right arises only on the filing of the supersedeas bond, which is usually filed after the final judgment is signed. *See* TEX. R. APP. P. 24.1(d)(3), 24.2(a)(2)(A). The determination of the amount of damages during the appeal is made after the appeals are completed. *See Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 826 (Tex. 2020) (per

curiam) (determination of damages during appeal made in post-appeal hearing on parties' competing motions to release supersedeas bond). In this case, the trial court had made no ruling on the supersedeas deposit. The trial court expressly did not decide the issue of the supersedeas deposit at the April 9, 2018 hearing, and the order signed following the hearing did not address the supersedeas deposit or contain language indicating the supersedeas deposit was disposed of. Thus, there was no "final judgment" concerning the supersedeas deposit before the court's December 10, 2020 e-mail stating the court lacked jurisdiction.

Real Parties also argue the trial court did not err by not ruling on the motion because Relators did not prove during the trial the damages they would suffer during the appeal. This argument goes to the merits of an award on the supersedeas deposit, not whether the trial court had jurisdiction to rule on a motion concerning the supersedeas deposit. Moreover, as discussed above, the determination of a party's damages suffered during an appeal is made after the appeals are completed. *See Haedge*, 603 S.W.3d at 826.

Real Parties also argue Relators are not entitled to recovery on the supersedeas deposit and the clerk was correct to release the supersedeas deposit to Real Parties because the case did not involve any of the scenarios for a supersedeas deposit in Texas Rule of Appellate Procedure 24.1(c), (d). That rule states a supersedeas deposit is subject to liability for all damages awarded up to the amount of the deposit if:

(1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment;

(2) the debtor does not perform an adverse judgment final on appeal; or

(3) the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal.

TEX. R. APP. P. 24.1(d). "The clerk must hold the deposit until the conditions of liability in (d) are extinguished. The clerk must then release any remaining funds in the deposit to the judgment debtor." TEX. R. APP. P. 24.1(c)(3).

Real Parties assert that after our mandate in the first appeal, there was no judgment requiring payment of any amounts to Relators, so Rule 24.1 did not permit payment of any amounts from the supersedeas but instead required the clerk to release the deposit to Real Parties. However, Real Parties' supersedeas deposit concerned the trial court's judgment ordering the partition and sale of real property, the office building, which is considered a judgment "for the recovery of an interest in real . . . property." *See McFaddin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 281 (Tex. 2018) (superseding judgment of partition by sale of real property required setting supersedeas amount under TEX. R. APP. P. 24.2(a)(2)(A)). Therefore, the clerk was required to maintain the deposit until Real Parties paid Relators "the value of the property's rent or revenue during the pendency of the appeal."

In *McFaddin*, the appellant challenged the trial court's jurisdiction to address the supersedeas bond after the appeals. The supreme court stated, "The trial court's

–10–

addressing of issues necessary to effect the mandate of the court of appeals, including issuing an order concerning the supersedeas bond, was part and parcel to the trial court's effectuating the original judgment and carrying out the appellate court's decision.  It had jurisdiction to do so." *McFaddin*, 539 S.W.3d at 283.

Real Parties also argue that the trial court lacked jurisdiction to address their $400,000 supersedeas deposit because our mandate made no mention of it. However, after the supreme court denied the petition for review, Relators filed a motion for supplemental mandate with this Court asking that we amend the mandate to address the supersedeas bond.  Although we denied the motion, we said the denial was "without prejudice to any party seeking relief from the trial court respecting the Wynne parties' cash deposit."  By doing so, we instructed the trial court to address any motions concerning the supersedeas deposit as a post-appeal proceeding.  If the trial court had addressed the motion, it would have done so pursuant to our instruction and would have been related to carrying out our judgment affirming the partition and sale of the building.  *See id.*

Finally, although not addressed by the parties, we must discuss the fact that the money is no longer in the registry of the court because Real Parties asked the clerk to return the deposit to them, and the clerk, without the trial court's authorization, returned the deposit to Real Parties.  And, since there is no longer a judgment on appeal to be superseded, we must determine whether the trial court has

the authority to order Real Parties to return the money to the registry of the court. We conclude the trial court can make such an order.

"[F]unds deposited in the trial court's registry are subject to the trial court's control, and the court has the equitable power to make such orders as it deems necessary to protect those funds." *Sommers v. Concepcion*, 20 S.W.3d 27, 36 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When Real Parties withdrew the deposit without the court's authorization, they assumed the risk that their withdrawal might be improper and that the court might require them to redeposit the funds. Moreover, Real Parties received the full benefit of having the partition-and-sale order superseded during the years that the order was on appeal. The trial court may determine whether equity requires ordering Real Parties to return the supersedeas to the court's registry for the court to determine the amount of Relators' damages during the appeal. Because the trial court did not authorize the withdrawal of the funds, the funds are still under the control of the court, and the court has authority to enter judgment that Relators recover some or all of the funds "from the party who was at the time wrongfully withholding them." *Id.* "[T]he decision whether to order the return of the funds is discretionary and does not affect the court's power to enter a judgment awarding funds to the proper party." *Id.*

We conclude the trial court had authority to determine whether to order Real Parties to return the funds to the registry and to order that Relators recover their

damages from the appeal from those funds and to award Relators their damages from the funds Real Parties may have wrongly withdrawn from the registry of the court.

Relators also ask that we order the trial court to enter judgment for them for $119,255.32, the amount of damages Relators assert they conclusively proved through Scott Pelley's affidavit. We decline to do so. When a trial court refuses to rule on a motion because the court believes, incorrectly, that the court lacks jurisdiction, "[w]e cannot . . . direct the trial court on what ruling it should enter." *In re Ramirez*, No. 04-04-00746-CV, 2004 WL 2884168, at *2 (Tex. App.—San Antonio Dec. 15, 2004, orig. proceeding) (mem. op.). We may order the trial court to rule, but we "may not tell the district court what judgment to enter." *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 105 (Tex. 1962) (orig. proceeding).

We conclude the trial court had jurisdiction to rule on Relators' motion, and the trial court's failure to rule based on the incorrect conclusion that the court lacked jurisdiction was an abuse of discretion. Relators lack an adequate appellate remedy from the trial court's failure to rule on their motion. *See In re Williams*, No. 05-20-00369-CV, 2020 WL 6074116, at *2 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op.).

## CONCLUSION

We conditionally grant Relators' petition for writ of mandamus, and we order the trial court to rule on Relators' Request for Order to Return $400,000 Deposit in Lieu of Bond Wrongfully Distributed by the District Clerk and Motion for Entry of

–13–

Amended Judgment for Damages within thirty days of the date of this opinion and to file with this Court within forty days of this opinion a certified copy of its written ruling.  A writ will issue only if the trial court fails to comply with this opinion and our order of this date.

210314f.p05

/Lana Myers//
LANA MYERS
JUSTICE