# NO. 12-22-00062-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: COMMITMENT OF* | § | *APPEAL FROM THE 123RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *GEORGE CLEVELAND AUVIL, JR.* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

George Cleveland Auvil, Jr. appeals the trial court's judgment and order of civil commitment as a sexually violent predator. Appellant's sole issue on appeal is that the trial court abused its discretion when it admitted certain testimony. We affirm.

### BACKGROUND

Appellant was convicted of four counts of aggravated sexual assault of a child and sentenced to imprisonment for thirty years. Before his sentence was complete, the State filed a civil petition to commit him as a sexually violent predator. At trial, the jury heard evidence that Appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The jury also heard evidence that Appellant was currently serving four concurrent thirty-year sentences following his convictions for aggravated sexual assault of a child. Prior to that, Appellant was sentenced in Louisiana in 1979 for "aggravated crime against nature." At the conclusion of trial, the jury found beyond a reasonable doubt that Appellant is a sexually violent predator. The trial court entered judgment in accordance with the jury's verdict and civilly committed Appellant for sex-offender treatment and supervision. This appeal followed.

### ADMISSIBILITY OF EVIDENCE

In his sole issue, Auvil urges the trial court abused its discretion when it overruled his objection to a question allegedly calling for speculation.

**Standard of Review and Applicable Law**

When reviewing a trial court's ruling on admissibility of evidence, we must uphold the trial court's decision absent an abuse of discretion. *See* ***City of Brownsville v. Alvarado***, 897 S.W.2d 750, 753 (Tex. 1995); ***McLellan v. Benson***, 877 S.W.2d 454, 458 (Tex. App.–Houston [1st Dist.] 1994, no writ). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. ***Alvarado***, 897 S.W.2d at 754.

To preserve error for appellate review the complaining party must timely and specifically object to the evidence and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). The objection at trial must be sufficiently specific to make the trial court aware of the complaint. TEX. R. EVID. 103(a)(1)(A). "An objection at trial that does not comport with a point of error on appeal preserves nothing for review." ***Anderson v. Snoddy***, No. 06-14-00096-CV, 2015 WL 5634564, at *11 (Tex. App.—Texarkana Sept. 25, 2015, pet. denied) (mem. op.).

An opinion is speculative when it is based on guesswork or conjecture. ***Nat. Gas Pipeline Co. of Am. v. Justiss***, 397 S.W.3d 150, 156 (Tex. 2012); ***Rife v. Kerr***, 513 S.W.3d 601, 615 (Tex. App.—San Antonio 2016, pet. denied). An opinion is not speculative if it is rationally based on an eyewitness's perception. ***In re Molina***, 575 S.W.3d 76, 81–82 (Tex. App.—Dallas 2019, orig. proceeding); *see also* TEX. R. EVID. 701(a). "The requirement that an opinion be rationally based on the perceptions of the witness is composed of two parts: (1) the witness must establish personal knowledge of the events from which his opinion is drawn; and (2) the opinion drawn must be rationally based on that knowledge." ***Dodson v. Munoz***, No. 04-17-00409-CV, 2018 WL 3747748, at *6 (Tex. App.—San Antonio Aug. 8, 2018, no pet.) (mem. op.) (internal quotation marks omitted). An opinion satisfies the personal knowledge requirement "'if it is an interpretation of the witness's objective perception of events,'" and it is rationally based on the witness's personal knowledge "'if a reasonable person could draw that opinion under the circumstances.'" ***Id.*** (quoting ***Merrill v. Sprint Waste Servs. LP***, 527 S.W.3d 663, 670 (Tex. App.—Houston [14th Dist.] 2017, no pet.)); *see also* ***Health Care Serv. Corp. v. E. Tex. Med. Ctr.***, 495 S.W.3d 333, 339 (Tex. App.—Tyler 2016, no pet.) ("'Rationally based' means that the opinion must be one that a person could normally form from observed facts.").

**Analysis**

During the State's direct examination of Appellant, it asked about Appellant's 1979 conviction for "aggravated crime against nature." During the questioning, Appellant denied

engaging in the activities alleged and for which he was convicted. The State then asked Appellant the following:

> Q: Why do you think [the victim] would accuse you of offending him?
> A: I don't have no idea.
> [Appellant's attorney]: Objection. Speculation.
> [Trial court]: Overruled.

Appellant contends the trial court erroneously overruled his objection, which diminished his credibility. He argues on appeal that the testimony was inadmissible under Texas Rule of Evidence 701 regarding opinion testimony by lay witnesses. However, Appellant did not make that objection in the trial court. Appellant's objection of "speculation" was not specific enough to inform the trial court he was also objecting under Rule 701. *See In Interest of M.M.W.*, 536 S.W.3d 611, 612 (Tex. App.—Texarkana 2017, no pet.). Therefore, this issue is not preserved for our review.

However, even if this issue were preserved by an argument of speculation on appeal, the question did not call for speculation. The State asked Appellant why he believed the victim would claim he was assaulted if the claim were not true. Appellant previously testified that he had known the victim for approximately one year and they met via mutual friends. It is logical that Appellant may have known why the victim would accuse him of something he allegedly did not do. And that information would have been within Appellant's perceptions and experience. Therefore, the question did not call for improper, speculative opinion testimony and the trial court did not abuse its discretion by overruling an objection for speculation. *See* TEX. R. EVID. 701.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-22-00062-CV**

**IN RE: COMMITMENT OF GEORGE CLEVELAND AUVIL, JR.**

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 21CV35640)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*